*May Term,
1838.*

HATTEN
v.
ROBINSON.

---

## HATTEN *v.* ROBINSON.

A count on a promise to execute a promissory note is not sustained by proof
of a promise to pay money.

To sustain a count for money had and received, it must appear that the defend-
ant had received *money* due to the plaintiff, or something which he had
really or presumptively converted into money before suit brought, or which
he had received as money and instead of it.

A promissory note is not evidence, on a count for money had and received,
against one of the makers who is only a surety for the other.

4b 479
,163 581

May Term,
1838.

HATTEN
v.
ROBINSON.
Tuesday,
May 29.

APPEAL from the *Fountain* Circuit Court.

DEWEY, J.—Assumpsit. The declaration contains two special counts, one founded on a promise by *Hatten* to *Robinson* to execute to him a promissory note for 700 dollars, the other on a promise to make a note for 600 dollars; there is also a count for money had and received. Plea, the general issue. The cause was submitted to the Court without a jury. Judgment for the plaintiff.

The evidence was as follows: One *Howard*, with *Hatten* as his surety, had given to *Robinson* a promissory note for 700 dollars, the consideration of which was corn purchased by *Howard* from *Robinson*. *Howard* absconded. *Robinson* and *Hatten* pursued and overtook him. It was arranged among the three, that *Howard* should pay *Robinson* 100 dollars, and execute his four notes to *Hatten*, with one *Kelley* as his surety, each for 150 dollars, payable in one, two, three, and four years, with 10 *per cent.* interest; that *Robinson* should deliver up, as satisfied, the note for 700 dollars against *Howard* and *Hatten*; and that *Hatten* should become solely responsible to *Robinson* for 600 dollars, the balance of the 700 dollars due on the note given up. This arrangement was carried into immediate execution, and *Hatten* repeated his promise to *Robinson* to pay him the 600 dollars, and often, afterwards, admitted the promise and his liability to pay the money. To the sufficiency of this evidence the defendant objected; his objection was overruled, and he excepted.

We do not think the evidence justifies the finding and judgment of the Circuit Court. The special counts are not sustained, because they lay promises to execute notes; and the undertaking proved was to pay money. This variance is fatal.

The general principle governing actions for money had and received is, that the defendant must have come to the possession of *money*, which he cannot conscientiously withhold from the plaintiff. But as the action is equitable in its character, and peculiarly designed for the advancement of justice, many cases have been decided in favour of plaintiffs with strong claims to redress, in which the defendants have not actually received money. In all these cases, however, they had received something which really, or presumptively, was converted into money before suit brought, or which was received as money and instead of it. The defendant in this case did not

receive any money; nor can it be presumed that the notes which he did receive had produced money at the commencement of the action, for none of them was due at that time; nor did he receive these notes as money, either in his own estimation or in that of the plaintiff.

Could the plaintiff have maintained an action for money had and received on the original note for 700 dollars, which was cancelled, or in other words, if that note would have been evidence that its makers owed him for money had and received, he could contend, with great plausibility, for success in this suit. That a promissory note is such evidence against a maker who has been benefited by its consideration may be true; but it is not evidence of money had and received against a surety who had no connection with the consideration. *Wells* v. *Girling*, 8 Taunt. 737. Had either of the special counts been sustained by the evidence, the result might have been different. As the case presents itself, the action cannot be maintained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. S. White, R. A. Lockwood*, and *J. Pettit*, for the appellant. *I. Naylor*, for the appellee.