## JOSEPH J. WEBB *versus* SAMUEL WILSHIRE.

The surety on a promissory note tainted with usury, which has been paid, is admissible in a suit, between the original parties, to prove the usury.

By St. 1834, c. 122, § 4, an action for money had and received may be maintained to recover back the usurious interest paid, the statute not prescribing the form of the action.

This suit may be maintained against the lender, when the note tainted with usury has been negotiated and the money paid by the maker to the holder.

THIS was an action of assumpsit. The declaration contained only a count for money had and received. The plaintiff claimed to recover the amount of a promissory note of hand, dated Nov. 1, 1838, for $14,15, payable to said Wilshire or order, the first day of June, 1839, and interest after, signed by the plaintiff and Isaac F. Ames, who was in fact surety on the note, though not so described therein. It was admitted that the defendant, after the note became due, indorsed it to John Wilshire, who paid the defendant the amount due on the note. The plaintiff paid the amount to said John Wilshire, and then commenced this action to recover the money so paid.

It is admitted that the plaintiff can prove by Isaac F. Ames, the surety on said note, if he can be legally admitted as a

witness, that the note in suit originated from a note for thirty-five dollars, held by the defendant against the plaintiff, and was given to the defendant with Ames, as surety, for usurious interest on said note of thirty-five dollars and was wholly usurious.

Upon these facts the cause was submitted to the decision of the presiding Judge of the District Court, with liberty to except to his decision. REDINGTON J. thereupon ruled that the plaintiff was entitled to maintain his action, to which ruling exceptions were filed and allowed.

*Leavitt,* for the defendant, contended, that the plaintiff could not recover in this form of action. That as the right to recover was given by Statute, he should have declared upon the Statute, or have set forth in his declaration, the illegal contract. *Livermore* v. *Boswell,* 4 Mass. R. 437; *Harvard College* v. *Soper,* 1 Pick. 177; *Peabody* v. *Hoyt,* 10 Mass. R. 36.

Ames was not a competent witness, as his testimony tends to show the note void in its inception. *Churchill* v. *Suter,* 4 Mass. R. 156.

The suit should have been commenced, if at all, against John Wilshire, to whom the money was paid, and cannot be maintained against the present defendant. St. 1834, c. 122, § 4. This Statute gives the right to recover back the money to the person who paid, and against him who received it. The Statute being penal should be strictly construed. The plaintiff then should recover nothing, if he has made no payment to the defendant. John Wilshire took the note when over due, and subject to any existing defence, and the plaintiff has resisted payment in his hands.

*L. Johnson,* for the plaintiff. The action is brought under the provisions of St. 1834, c. 122, § 5. Money had and received is the proper form. 2 Stark. Ev. 119; *Morton* v. *Chandler,* 8 Greenl. 9; *Worcester* v. *Eaton,* 11 Mass. R. 375.

The testimony upon legal principles, is receivable. 2 Stark. Ev. 17. The note to which he was a party, is not in suit, nor

here to be impeached. His exclusion would be an extension of the rule of law in this respect. *Buck* v. *Appleton,* 14 Maine R. 284.

The opinion of the Court was delivered by

SHEPLEY J. — The surety on the promissory note, which has been paid, can have no interest in the event of this suit. If he be excluded, it must be because he was a party to it. The rule asserted in the case of *Churchill* v. *Suter,* would not exclude him ; for the controversy here is not between an innocent holder of negotiable paper and a party to it, but between the original parties. And to such a case the rule does not apply. *Fox* v. *Whitney,* 16 Mass. R. 118 ; *Van Schaack* v. *Stafford,* 12 Pick. 565. In this case, the note can hardly be said to be even collaterally in controversy between them. The plaintiff paid the illegal interest secured by the note to John Wilshire, who had paid it to the defendant. The fourth section of the Statute of 1834, c. 122, did not require, that the payment should be made by the plaintiff to the defendant in the action without any intervention. It is sufficient, that the party against whom the suit is brought, being the lender of the money, should have received the illegal interest; and that the party, who institutes the suit, should have paid it. The one who suffers the loss, is allowed to reclaim the amount of it from the one who has been the gainer by it. Having been thus illegally received, it may be recovered back in an action for money had and received, for the statute does not prescribe the form of the action.　　　　　　　　　　　　　　*Exceptions overruled.*