## OLIVER PIERCE *versus* JOHN CONANT.

The Stat. of 1841, c. 69, § 5, having given a party who has paid usury a right, "in an action at law," to recover back the excess of interest he may have paid above six per cent. and being merely remedial and not penal, such party may have his remedy by an action for money had and received.

Where interest was cast upon a note at the rate of seven and an half per centum, and added to the principal, and the amount thus ascertained was settled by the indorsement to the creditor by the debtor at the same time of notes of a third person for a part, and by his own three notes, payable at different times, for the balance; *it was held*, that the amount paid by the transfer of the notes of the third person included such part of the usurious interest as the amount thus paid bore to the whole sum : —

That each of the debtor's own notes included such portion of the usury as the amount of such note bore to the whole amount : —

And that the statute of limitations, applicable to such suits, barred the recovery by the debtor, in an action against the creditor, of any sum further than the amount of usury paid within one year next before the commencement of the suit.

MONEY had and received. The writ was dated Feb. 27, 1844. The general issue was pleaded, with a brief statement, that the supposed cause of action did not accrue within one year next before the commencement of the suit.

On Jan. 23, 1833, J. & A. Conant loaned the sum of fifteen hundred dollars to the plaintiff and G. & H. Pierce, and took their note therefor, payable on demand, with interest annually. This note was afterwards indorsed by J. & A. Conant to the defendant.

On Oct. 10, 1839, a settlement or adjustment was made by the plaintiff and defendant. Interest on the note was cast at the rate of seven and an half per cent. annually, the costs of a suit on the note, $17,69, added, and $130, which had been paid and indorsed on Feb. 11, 1839, deducted, leaving then due, according to such computation, the sum of $2,322,27. This sum was discharged by the indorsement by the plaintiff, without recourse to him, to the defendant, of four notes in his favor against one Atherton, secured by a mortgage on real estate, on which were then due $1365,91, and by giving his own three notes to the defendant for the balance, $956,36,

payable in one, two and three years with interest annually. The report of the case then proceeds thus — "which three notes last mentioned were secured by a mortgage on real estate, given by the said Oliver Pierce to the said John Conant, and the payment of the balance due on the last mentioned notes was made on the eighth of December, 1843." It did not appear in any other manner how and when those three notes were paid. No part of the Atherton notes were paid in any way but by a foreclosure of the mortgage; and on Sept. 6, 1843, the defendant sold the land on a long credit for the most he could obtain for it, being twelve hundred dollars, and being all he has received on those notes and that mortgage.

It was agreed, that if the action could be maintained, the defendant was to be defaulted, and such damages were to be assessed by the Court, as the plaintiff was entitled to upon the facts.

*Fessenden, Deblois & Fessenden* contended that the action for money had and received, was the proper remedy to recover back the usurious interest actually paid to the defendant. This is not a penal action, but it merely seeks to recover back the money the defendant has illegally taken from the plaintiff. Rev. Stat. c. 69, § 5; 12 Mass. R. 34; 13 Mass. R. 104; 2 Burr. 803; 19 Maine R. 406.

The last notes from the plaintiff to the defendant included usury. 15 Mass. R. 98; 2 Campb. 599; 8 T. R. 390; 22 Maine R. 184.

The last money paid is the usurious interest. It cannot be said, that the defendant had received usury so long as he had taken only the amount justly due and legal interest. The statute of limitations commences running only from the time of the last payment. 7 T. R. 184; 5 Mass. R. 53; 3 Wils. 250.

The reception of the Atherton notes and mortgage, was only a payment of the amount for which they were taken. 22 Maine R. 363.

*W. Goodenow*, for the defendant, said there were several fatal objections to the plaintiff's recovering in this action.

Money voluntarily paid cannot be recovered back; and if the plaintiff relies to recover it back by virtue of a statute provision, he should declare upon the statute. 18 Maine R. 166; 12 Mass. R. 134; 9 Mass. R. 38.

There was no usury included in the first note, but reckoned upon it, at the settlement, by a bargain then made. The bargain was, that the plaintiff should pay by his own notes $956,36, and for the balance the defendant should take the Atherton notes and mortgage, which were transferred without any liability of the plaintiff. And, in fact, the defendant lost more than the difference between six, and seven and an half per cent. interest. This was not an usurious transaction; and had it been, the usury was paid by the Atherton notes at the time they were passed over. The case cited from 22 Maine Reports is not in point, for there usury was included in the first note, and the second was a mere renewal of the other, without payment of any thing. As the Atherton notes were indorsed without recourse, the contract was not usurious; but were it a payment of usury the right to recover is barred by the statute.

There is no ground for saying that there was no payment of usury, if any there was, until the last money was paid. The authorities are precisely the other way, that the first money paid is the usury. But if every payment included a portion of the additional one and an half per cent., then so small an amount was paid within the year, that the damages must be merely nominal.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action for money had and received. The object of the plaintiff is to recover $272,02, alleged by him to have been paid to the defendant, as and for usurious interest, on a loan of $1500, made to him by the defendant, in 1833. The first question raised in the defence is, as to the maintenance of such an action, for such a purpose. It is urged that the action is misconceived; and several cases have been cited by the counsel for the defendant, supposed by

him to sustain the position. The St. of 1841, c. 69, § 5, gives to a party, who has paid usury, a right "in an action at law," to recover of the payee the excess he may have paid over simple interest. Although this is, as required by statute, an action at law, it is insisted, that the declaration should be special, setting forth a case, coming within the purview of the statute. If the action were in its nature penal, and not remedial, the reasoning of the defendant's counsel would have great force; and could not, perhaps, be controverted. But the provision in the statute is entirely remedial. It enables a party, who has paid money to one, who had no right to exact and receive it of him, to recover it back. The simple amount only, so paid is reclaimed. The authorities cited do not apply to such a case. The objection urged, that the defendant could not be apprised, by a declaration so general, that he was called upon for money paid as and for usurious interest, would apply, with equal force, to every action for money had and received, without containing any specification. In such case the defendant has it in his power to possess himself of the requisite information, by applying for a bill of particulars, which the Court would compel the plaintiff to furnish; and this would obviate the further objection made, that a recovery in such case would be no bar to future action.

The case, much relied upon by the counsel for the defendant, of *Palmer* v. *The York Bank*, 18 Maine R. 166, was altogether different. The plaintiff therein sought to recover, for a breach of contract, damages beyond the amount contracted to be paid. It was the case of a suit upon bank notes; upon a demand of payment of which the holder became at common law, entitled to recover the amount claimed, with simple interest thereon. A statute had authorized a recovery, by way of penalty, for refusing prompt payment, interest at the rate of twenty-four per centum per annum. The Court merely held, that, to recover such a rate of interest, the plaintiff should have declared for it. Not having done so he was held to be restricted to the terms of his contract, and the recovery of interest, as at common law, by way of damages for

breach of the contract. In the case at bar money is alleged to have been received by the defendant, which in conscience he ought not to detain from the plaintiff; and the action is brought to compel him to refund it, as required by positive law. The mode of proceeding is therefore unobjectionable.

It is next contended by the counsel for the defendant, that a settlement, which took place between him and the plaintiff, should preclude the latter from maintaining his action. The amount then ascertained to be due, including interest, at the rate of seven and one-half per centum per annum, after deducting a payment which had been made upon the original loan, was $2304,58. Of this sum $1348,22 was then paid, together with $17,69, costs of suit, which had then accrued. This payment was made by the transfer of certain notes, and a mortgage, which the plaintiff held against another person. This left a balance of the original loan and interest, computed as above, of $956,36, for which new security, by notes and mortgage, was given by the plaintiff to the defendant. The defendant insists, that these two sets of securities amounted to payment, at that time, of the usurious interest; and so that no usurious interest has been received within one year next before the commencement of the suit. This ground of defence is clearly good as to so much of the extra interest as can be regarded as having been then paid. The statute contains a limitation, restricting the right of the payer to recover it back, to the term of one year from the time of payment. The extra interest was added into, and formed a component part of the gross sum then settled for; and the amount then paid and secured, by the notes and mortgage of another person, was clearly a payment *pro tanto*; and it comprised its proportion of the extra interest; and of course was payment thereof; and therefore not now recoverable. *Darling* v. *March*, 22 Maine R. 184.

For the residue, viz. $956,36, the defence, upon this ground, is not sustainable. In this sum was included its proportion of the extra interest; and the new security, taken therefor by the

defendant of the plaintiff, was not payment.    All the authorities agree that such a renewal of an original security, tainted with usury, carries with it the original taint.   The new security, therefore, must be regarded as containing about $115, of the extra interest.

It is contended, however, that even this amount is not recoverable ; and it may be so ; for the report of the facts leaves it doubtful whether the whole was paid within the year next preceding the suing out of the writ.   And such parts of it as were not so paid would come within the principle of *Darling* v. *March*, before cited.   The language of the report is, that the payment of the balance due on the last mentioned notes (viz. for the $956,36,) was made on the eighth of December, 1843."   What that balance was does not appear.   The language of the report would seem to imply, that it was short of the original amount; and the original amount, $956,36, was made payable in one, two and three years.   It is rather to be presumed, that the two first instalments had been before paid ; and the language of the report does not forbid the presumption that portions of the last instalment had been previously paid. We could not, therefore, be authorized to conclude, that any thing beyond a nominal amount of extra interest had been paid, within the year preceding the suing out of the writ.   And for that amount, viz. one dollar, judgment may be entered upon default.