Nov. Term, 1850.

MUIR
v.
RAND.

The judgment is affirmed with costs.

*C. Cushing*, for the plaintiff.

*S. C. Stephens*, for the defendants.

## MUIR *v.* RAND.

Assumpsit for money had and received. In a settlement between the parties, a mistake of 100 dollars was made in the transfer of notes to the defendant. The only evidence of demand was that "the plaintiff requested the defendant, about two months ago, to settle with him in respect to an alleged mistake in said settlement, and that the defendant expressed a willingness to do so, but nothing further was then done." *Held*, that the jury might have inferred from this that the necessary demand was made.

2c 291
163 581

The action for money had and received is equitable in its character, and will be sustained where no money has been actually passed but something has been received as money, or which has been really or presumptively converted into money before suit brought.

ERROR to the *Ripley* Circuit Court.

Wednesday,
November 27.

SMITH, J.—Assumpsit by *Rand* against *Muir*, on the common counts, for money had and received. Plea—non-assumpsit. Verdict and judgment for the plaintiff for 101 dollars.

It appeared, by the evidence, that *Rand*, who had been guardian for a minor, one *Logsden*, had resigned his trust and *Muir* had been appointed his successor. In a settlement with *Muir*, as such successor, it was found that *Rand* had in his hands 280 dollars belonging to said minor, and, by mistake, executed to *Muir* his note for 380 dollars; and that *Muir* immediately after the settlement

received from *Rand*, as a payment of his indebtedness, notes of other persons to the amount of 380 dollars. *Muir* proved, upon the trial, that two of the notes so transferred to him were still in his hands uncollected, but it was agreed that they were good notes and were then, and had always been, collectable.

The only evidence that any demand had been made of *Muir*, before the suit for the sum thus alleged to have been received by him by mistake over and above the sum he was entitled to in the notes aforesaid was, "that *Rand* requested *Muir*, about two months ago, to settle with him in respect to an alleged mistake in the said settlement, and that *Muir* expressed a willingness to do so, but nothing further was then done."

We think the jury might have inferred, from this evidence, that the necessary demand was made.

The action for money had and received is equitable in its character, and has often been sustained where no money actually passed, but something was received as money, or which was really or presumptively converted into money before suit brought. *Hatton* v. *Robinson*, 4 Blackf. 479. In this case the evidence shows that the notes given by *Rand* to *Muir* were received by the latter as money, in discharge of a supposed indebtedness, and that he might have converted them into money if he had been so disposed. There does not appear to have been any offer to return the notes or any of them to *Rand*.

It is objected that the defendant had no authority to receive the notes as money. But his liability to the plaintiff does not depend upon his authority as guardian to receive those notes. That the parties were both at different times guardians merely serves to explain the transaction. The question might arise, between the defendant and his ward, whether the latter was bound by the transaction, or whether, if he should choose to disavow it on becoming of age, the taking of property and not money, as a payment of a debt due the ward, would not be at the defendant's risk, but this can have no bearing on the present case.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

D. *Kelso* and E. *Dumont*, for the plaintiff.

J. *Ryman*, for the defendant.