Ashton *v.* Shepherd.

No. 13,897.

## ASHTON *v.* SHEPHERD.

SUPREME COURT.—*Complaint.—Assignment of Error Upon.*—It can not be assigned as error that a particular paragraph of a complaint does not state facts sufficient to constitute a cause of action ; the complaint can only be questioned in such way as an entirety.

DEED.—*To Indemnify Surety.—Mortgage.*—A deed executed by a judgment debtor to indemnify against loss one who has become liable as replevin bail is, in legal effect, a mortgage.

MONEY HAD AND RECEIVED.—*Right of Action for.*—The right of action for money had and received is based upon the fact of the receipt of money, or its equivalent, by one from another, under such circumstances as that the law implies a promise to repay it.

SAME.—*Action on Implied Promise.—Proof of Express Promise.— Variance.— Amendment of Complaint.*—Where the complaint is based upon an implied promise to repay money paid out by the plaintiff for the defendant's benefit, proof showing an express promise to repay is an immaterial variance, and the plaintiff may amend his complaint after trial to make it conform to the evidence.

From the Fulton Circuit Court.

*G. W. Holman* and *R. C. Stephenson,* for appellant.
*J. S. Slick* and *F. H. Terry,* for appellee.

COFFEY, J.—The complaint in this cause consists of two paragraphs. The second is based upon a promissory note, and the first avers that the appellant is indebted to the appellee in the sum of $5,153.05 for money had and received of the appellee for the use of the appellant, at his special instance and request, which is due and wholly unpaid. An itemized account is filed with the first paragraph of the complaint, showing various sums of money paid to Charles H. Nix, to the treasurer of Fulton county, and to the marshal of the town of Rochester, Indiana.

A trial of the cause by the court, without the intervention of a jury, resulted in a finding in favor of the appellee for the sum of $165.82 on the second paragraph of the com-

plaint, and for the further sum of $2,567.44 on the first paragraph. The appellant filed a motion for a new trial, which was overruled, and he excepted. The court then rendered judgment on said finding.

The errors assigned are : .

1st. That the first paragraph of the complaint does not state facts sufficient to constitute a cause of action. `

2d. That the circuit court erred in overruling the appellant's motion for a new trial.

The first assignment of error presents no question for the consideration of this court. It can not be assigned as error that a particular paragraph in a complaint does not state facts sufficient to constitute a cause of action. Such assignment must be predicated upon the complaint as an entirety, and if there is a good paragraph in the complaint the assignment will be unavailing. *Higgins* v. *Kendall*, 73 Ind. 522 ; *Iles* v. *Watson*, 76 Ind. 359 ; *Trammel* v. *Chipman*, 74 Ind. 474 ; *Carr* v. *State, ex rel.*, 81 Ind. 342 ; *Schuff* v. *Ransom*, 79 Ind. 458 ; *Haymond* v. *Saucer*, 84 Ind. 3 ; *Louisville, etc., R. W. Co.* v. *Peck*, 99 Ind. 68 ; *Ludlow* v. *Ludlow*, 109 Ind. 199 ; *Louisville, etc., R. W. Co.* v. *Ader*, 110 Ind. 376.

If a defendant desires to test the sufficiency of a particular paragraph in a complaint, he must do so by demurrer.

The evidence in the cause tends to prove that prior to the 11th day of November, 1878, the appellant was the owner of what was known as the Ashton Machine and Foundry property in the city of Rochester, Indiana, and while so the owner of said property, judgments were rendered against him in the circuit court, upon which Augustine Meisch became replevin bail. For the purpose of indemnifying said Meisch, and to save him harmless on account of his liability as such replevin bail, the appellant, on the 11th day of November, 1879, conveyed said property to the said Meisch and his wife Catharine. Meisch being unable to pay the judgments, with the consent of the appellant, he and his wife conveyed the property to Charles H. Nix, who undertook to pay the judgments, and

who, in consideration of such conveyance, agreed that appellant might sell the property within a given time, and after repaying to Nix the amount of money expended by him, with the interest thereon, should retain the remainder for his own use. The appellant subsequently procured the said Nix to convey said property to the appellee upon her making arrangements with him, to his satisfaction, for the amount he had advanced for the use of the appellant, the amount being $5,000. It was agreed between the appellant and the appellee that the appellant should repay all sums of money paid out by her for his use, and that she should hold the title to said property as security for the performance of said agreement. At the time of the conveyance from Nix to the appellee she paid him, by the assignment of a note and mortgage, the sum of $1,882.40, and executed to him her notes, payable in equal instalments, in one, two, three, four and five years, for the balance of the $5,000, and secured the payment of the same by a mortgage back upon the property. She paid the taxes on said property, and subsequently paid two of said notes, together with a large amount of interest, and being unable to pay the remainder of the $5,000, the mortgage given to secure the same was foreclosed and the property sold. During all this time the appellant remained in the possession of the property, paying no rent therefor.

It was objected to the introduction of the evidence tending to prove these facts, that this was an action for money had and received, and that they did not tend to sustain such an action, and it is now contended in argument that these facts do not sustain an action of that kind.

The general principle governing actions for money had and received is, that the defendant must have come into the possession of money which he can not conscientiously withhold from the plaintiff.

To maintain an action for money had and received, it must be shown that before the action is brought, the defendant actually received the money, or something which in re-

ality or presumptively was converted into money, or that something was received as money or instead of it. For money had and received the action is equitable, and is based, not upon a promise, but upon the fact of the receipt of money by one from another through the medium of oppression, imposition, extortion or deceit, or by mistake of fact, or without consideration, or upon a consideration that has failed, from which the law implies a promise to repay. *Hatten* v. *Robinson*, 4 Blackf. 479; *Lemans* v. *Wiley*, 92 Ind. 436.

But we do not understand this to be an ordinary action for money had and received. It is clear from the complaint and the bill of particulars filed therewith, that the appellee was seeking to recover from the appellant the amount of money she paid to Nix and had paid for taxes at the request of the appellant.

If the theory of the appellee be correct, the appellant never at any time parted with the equitable title to his property. The deed to Augustine Meisch and Catharine Meisch amounted to a mortgage, and nothing more. *Butcher* v. *Stultz*, 60 Ind. 170; *Crane* v. *Buchanan*, 29 Ind. 570; *Wheeler* v. *Ruston*, 19 Ind. 334.

As to the effect of the other conveyances, it is unnecessary to inquire, as they have but little, if any, bearing upon the questions involved in the case. It is true that there is no express promise averred in the complaint to repay the money advanced by the appellee at the request of the appellant, but the law would imply a promise to repay it. If the appellee advanced the money named in her complaint to Nix and others, upon the express promise of the appellant to repay it, we know of no reason, either legal or equitable, why he should not do so. While it may be true that the complaint is based upon an implied promise to repay the money paid out by the appellee, we think that the proof, showing an express promise, is an immaterial variance, and that the appellee might have amended her complaint after trial so as to

make it conform to the evidence. Section 391, R. S. 1881; *Farley* v. *Eller*, 29 Ind. 322.

We do not think the court erred in admitting the evidence to prove the facts above set out, and we are, also, of the opinion that the evidence tends to support the finding of the circuit court.

It is also claimed by the appellant that the amount assessed by the circuit court is excessive. In this, however, we think he is mistaken. The amount paid out by the appellee, with the interest thereon, largely exceeds the amount assessed by the court.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

