Harbaugh v. Tanner.

## HARBAUGH v. TANNER.

[No. 20,342. Filed May 24, 1904. Rehearing denied December 6, 1904.]

HUSBAND AND WIFE.—*Suretyship.*—Where a married woman executed her note and mortgage on her separate property to secure same to the defendant who knew that part of the amount was for her husband's debt; that part of the same was used to discharge liens upon her real estate so mortgaged; that five years afterward she executed a new note and mortgage to the defendant and canceled the old; that at the time of the execution of the new note and mortgage she executed an affidavit, known by defendant to be false, that such note represented money borrowed for her separate use and benefit; that defendant sold said note and mortgage to an innocent third person, who collected the whole of such note from her, she may recover from the defendant, the original payee, such part of the indebtedness paid by her for which she was surety only. *pp. 575-579.*

PLEADING.—*Common Counts.*—*Money Had and Received.*—*Sufficiency.*—In an action by a married woman alleging the common count for money had and received to her use, it was not necessary in such complaint to plead specially that she was a married woman and that the money alleged to be due from the defendant was money obtained by him on a note executed by her as the surety of her husband. *p. 580.*

SAME.—*Common Count for Money Had and Received.*—*When Applicable.*— The common law count for money had and received is applicable un-

der our code in all cases "where money has been paid by mistake or upon a consideration which happens to fail, or for money obtained through imposition, extortion, or oppression, or an undue advantage taken of the plaintiff's situation, contrary to the laws made for the protection of persons under those circumstances." *pp. 580, 581.*

PLEADING.—*Bill of Particulars.*—*Motion to Make More Specific.*—Where a defendant, sued on a common count for money had and received, desires more information as to the plaintiff's cause of action, his remedy, if any, is by motion to file a bill of particulars or to make more specific. *p. 582.*

From Fountain Circuit Court; *William Isham*, Special Judge.

Action by Keziah Tanner against Washington W. Y. Harbaugh for money had and received. From a judg-for plaintiff, defendant appeals. Transferred from the Appellate Court under § 1337u Burns 1901. *Affirmed.*

*V. E. Livengood* and *W. H. Cox*, for appellant.
*Crane & McCabe*, for appellee.

MONKS, J.—Appellee brought this action against appellant for money had and received to her use. Appellant filed a general denial. The cause was tried by the court, a special finding of facts made, and conclusions of law were stated thereon in favor of appellee. Final judgment in favor of appellee. The errors assigned call in question each conclusion of law.

It appears from the special finding that appellant was a shrewd business man and money lender of much experience. Appellee's husband was an inebriate, thriftless and improvident, unable to read or write. Appellee was barely able to read and write, and both she and her husband were ignorant in business and financial matters, and were unable to make mathematical calculations of any kind, and had but little knowledge concerning the same. Appellee and her husband lived on her farm, and traded at the town where appellant resided, and were his patrons. A few days before March 1, 1895, appellee's husband applied to appellant for a loan of money for the purpose of paying his own

and his wife's debts. Appellant consented to make said loan if secured by a mortgage executed by appellee and her said husband on appellee's real estate, consisting of fifty acres, upon which they resided, the same being the separate property of appellee. It was agreed that the loan should be made for a sum sufficient to cover appellee's debts and the cost of preparing the papers and an abstract of title and certain debts of appellee's husband owing to appellant, consisting of a blacksmith's bill and two notes, the latter being secured by sureties who were solvent. On March 5, 1895, a mortgage was executed to appellant by appellee and her husband on said fifty acres of real estate to secure notes amounting to $680, which included the interest in advance for one year at eight per cent. per annum, the same being a larger amount than necessary to cover the debts of appellee and her husband and the expense of preparing papers and an abstract of title. Neither said sum of $680 nor any part thereof was ever paid to appellee or her husband, but appellant paid off and discharged the taxes which were a lien on said fifty acres of land, and certain indebtedness of appellee which was a lien on said real estate, amounting in all to $313.38, and appellant delivered to appellee's husband as paid and satisfied the said notes, amounting to $224, and canceled said blacksmith's bill. He also paid $17 for the abstract of title to said real estate, and twenty-five cents for the acknowledgment of the execution of said mortgage. There was no other or different consideration for said notes and the mortgage securing the same than as above stated. Said notes and mortgage, becoming due in March, 1900, were renewed by the execution of notes and a new mortgage on said real estate for the sum of $1,150, which covered the amount of the notes secured by the mortgage executed in March, 1895, with compound interest thereon, an unsecured note of appellee, an alleged commission to appellant for said loan, interest in advance on said amount of $1,150

for one year, and the expense of the new mortgage. The amount and terms of said notes executed in March, 1895, and in March, 1900, and the mortgages securing the same, were fixed and determined by appellant, who made all the calculations in relation thereto. Appellee and her husband were ignorant of the amount of money required at the time the first notes and mortgage were executed, and of the amount for which said renewal notes and mortgage should be executed at the time they were executed in March, 1900, and they relied upon appellant at each of said times to make the proper calculation, and honestly and properly to fix the amount thereof, and they made no inquiry or investigation to determine the amount of their respective obligations when the first notes and mortgage were executed, nor the amount the second notes and mortgage should cover when they were executed. Appellee knew that the two notes of her husband were to be and were paid out of the money for which the $680 note was executed in March, 1895. Said note for $680 and the four interest notes executed at the same time were delivered to appellee by appellant when the renewal notes and mortgage were executed in March, 1900.

At the time of the execution of said mortgage in March, 1900, appellant, for the purpose of using the same to induce persons to buy said notes and mortgage, produced and caused appellee to sign and swear to an affidavit of even date with said mortgage, which affidavit was prepared by appellant on his own motion, and stated that said mortgage and notes were executed for money loaned to her, and contained recitals showing that the same was to be used for the benefit of her own separate estate, and for no other purpose. Appellee made and verified said affidavit without knowing or understanding its true meaning or import, and without any fraudulent or improper purpose. But appellant had full knowledge that said affidavit was false, except as other-

wise shown in this statement. Afterwards, in pursuance of said fraudulent purpose, appellant sold and assigned said notes and mortgage executed in March, 1900, to one Jenners by means of said false affidavit, exhibited by appellant to him, for which said Jenners paid him the sum of $1,125. Thereafter, in April, 1901, said Jenners brought an action against appellee and her husband on said mortgage and notes in the Fountain Circuit Court, to which appellee appeared, and answered her coverture and suretyship, and also usury. To the affirmative paragraphs of answer said Jenners replied, setting up said affidavit and the statements therein contained, and the other facts necessary to estop her from making said defenses against him. On the issues joined in said foreclosure suit, of which appellant had notice, and in which he testified as a witness on behalf of said Jenners, the court, at the request of the parties, made a special finding and stated conclusions of law thereon. It was found and adjudged in said action that appellee in this action was surety as to all of the consideration of said mortgage debt not received by her in person or in benefit to her separate estate, specifically setting forth the amount; but it was also found and adjudged that she was estopped from asserting her said defense by reason of said affidavit. The court rendered judgment in that case for the full amount of said notes, principal and interest, with attorney's fees, and decreed the foreclosure of said mortgage and sale of the mortgaged real estate to satisfy said judgment. After said real estate was advertised to be sold under said decree, appellee paid off and satisfied said judgment, interest, and costs. Afterwards, and before the commencement of this action, appellee demanded of appellant the repayment of the amount she was compelled to pay in excess of the amount for which she was liable as principal, which he refused to pay. The court found and adjudged in this case that as to the sum of $596.20 of said note for $1,150 appellee was principal, and bound as such, but that as to the

residue thereof—$553.80—she was merely surety for her husband and not bound thereby; that appellee is entitled to recover said sum of $553.80, with interest, from appellant; and rendered judgment accordingly.

Appellant insists that the facts found by the court show that appellee was principal as to all the consideration of said $1,150 note, and was not surety as to any part thereof. It has been uniformly held by this court that whether or not a married woman is surety or principal on a promissory note or other obligation is to be determined not from the form of the contract, nor from the basis upon which the transaction was had, but from the inquiry as to whether she received in person or in benefit to her separate estate the consideration upon which the contract depends. *Guy* v. *Liberenz* (1903), 160 Ind. 524, 528, and cases cited; *Cook* v. *Buhrlage* (1902), 159 Ind. 162-164, and cases cited; *Andrysiak* v. *Satkoski* (1902), 159 Ind. 428, 430, and cases cited. Under the law as declared in said cases, it is only to the extent that a married woman receives the consideration of a promissory note or other obligation, either in person or in benefit to her separate estate, that she is principal, and bound thereby as such; and, conversely, to the extent that the consideration was not received by her in person or in benefit to her separate estate, she is surety, and not bound thereby.

One of the principal reasons for enacting the statute forbidding married women to enter into contracts of suretyship, and providing that such contracts were void, was to prevent them from squandering or encumbering their property as sureties for improvident husbands. *Voreis* v. *Nussbaum* (1892), 131 Ind. 267, 271, 16 L. R. A. 45; *Cummings* v. *Martin* (1890), 128 Ind. 20, 22.

Tested by the rule heretofore stated, it is clear that appellee was not principal as to all the consideration of said $1,150 note, but only as to that part thereof which she received in person or in benefit to her separate estate, and

that, .had appellant kept said note and mortgage, and sued thereon, she could have avoided the remainder of said note on the ground of coverture and suretyship. If the two notes and blacksmith's bill against appellee's husband had been owned by some person other than appellant, and a part of the money obtained on the $680 note had been borrowed to pay the same, and had been used for that purpose, it is clear, under the rule declared in the cases cited, that appellee would have been, as to said part of the consideration, surety only, and not principal. The fact that appellant was the owner of said notes and account does not change the rule.

Appellant next insists that the complaint is not sufficient to sustain the finding of facts, for the reason that the suretyship of a married woman is a personal defense, which must be specially pleaded; and the complaint contains no such allegations, and no question of suretyship is presented by the pleadings. It has been uniformly held by this court that in an action on a note executed by the wife alone and secured by a mortgage upon her separate real estate, executed by herself and her husband, the burden is upon her to allege and prove that she was surety, and not principal, but, if the note secured by such mortgage is signed by the husband and wife, the burden of alleging and proving that the wife is principal is upon the plaintiff in such action. *Field* v. *Noblett* (1900), 154 Ind. 357, 359, 360, and cases cited; *Cook* v. *Buhrlage, supra,* and cases cited. The notes in this case were signed by the wife alone, and in an action thereon the burden was upon her to allege and prove her suretyship under the rule stated. It does not follow, however, that in an action like this, for money had and received, the finding of coverture and suretyship is outside the issues in the case because not specifically alleged in the complaint. It is a form of action recognized in our practice under the code, although of common law origin. *Field* v. *Brown* (1896), 146 Ind. 293, 300, 301, and authorities cited. "The count

for money had and received is sustainable where money has been paid by mistake, or upon a consideration which happens to fail, or for money obtained through imposition, extortion, or oppression, or an undue advantage taken of the plaintiff's situation, contrary to the laws made for the protection of persons under those circumstances." 2 Ency. Pl. and Pr., 1018-1020, and cases cited; *Ashton* v. *Shepherd* (1889), 120 Ind. 69, 71, 72; *Moore* v. *Shields* (1889), 121 Ind. 267, 273; *Lemans* v. *Wiley* (1883), 92 Ind. 436, and cases cited; *McQueen* v. *State Bank* (1851), 2 Ind. 413, 415; *Muir* v. *Rand* (1850), 2 Ind. 291; *State Bank* v. *Ensminger* (1844), 7 Blackf. 105, 107; *Hatten* v. *Robinson* (1838), 4 Blackf. 479; *Ferguson* v. *Dunn* (1867), 28 Ind. 58; *Hunt* v. *Milligan* (1877), 57 Ind. 141, 143; *Baum* v. *Thoms* (1898), 150 Ind. 378, 382-387, 65 Am. St. 368; *Moore* v. *Mandlebaum* (1860), 8 Mich. 433, 448, 449; *Doon* v. *Ravey* (1877), 49 Vt. 293, 296; Clark, Contracts, 764-777; Shipman, Common Law Pl., 28-30.

It was said by this court in *Lemans* v. *Wiley, supra,* at page 437: " 'An action of assumpsit for money had and received is an equitable remedy that lies in favor of one person against another, when that other person has received money either from the plaintiff himself or third persons, under such circumstances, that in equity and good conscience he ought not to retain the same, and which, *ex aequo et bono,* belongs to the plaintiff.' 4 Wait, Actions and Defenses, 469."

When a note, governed by the law merchant, but tainted with usury, is assigned by the payee to an innocent holder for value, before maturity, so as to cut off the maker's defense of usury, and the latter is compelled to pay the same, he may recover from the original payee to the extent of the usury. *Lacy* v. *Brown* (1879), 67 Ind. 478; *Brown* v. *Lacy* (1882), 83 Ind. 436; *Woodworth* v. *Huntoon* (1865), 40 Ill. 131, 89 Am. Dec. 340 and note page 344; *Webb* v. *Wilshire* (1841), 19 Me. 406; 22 Ency. Pl. and

Pr., 484; 5 Lawson, Rights and Remedies, §2462. Such usurious interest may be recovered back in an action of assumpsit for money had and received. *State Bank* v. *Ensminger, supra; Berry* v. *Makepeace* (1851), 3 Ind. 154; *Baum* v. *Thoms, supra,* and cases cited; *Pierce* v. *Conant* (1845), 25 Me. 33, 36.; 22 Ency. Pl. and Pr., 481.

It is not necessary to the sufficiency of such a complaint, or to a recovery of such usurious interest, that the specific facts relied upon to make out plaintiff's case be alleged. *Pierce* v. *Conant, supra.* So in any other case when "money is obtained through imposition, extortion, or oppression, or under advantage taken of plaintiff's situation contrary to the laws made for the protection of persons under those circumstances," an action for money had and received will lie and it is not necessary to the sufficiency of the complaint to plead the special facts relied upon for a recovery. *Moore* v. *Mandlebaum* (1860), 8 Mich. 433, 448-450. This case falls within this rule.

The facts found by the court were clearly within the issues in this cause, and each of the conclusions of law stated thereon by the court was correct. If appellant desired information as to the special facts relied upon, his remedy, if any, was a motion to require appellee to file a bill of particulars, or to make her complaint more specific. *Pierce* v. *Conant, supra.*

Judgment affirmed.