IRWIN ET AL. *v.* HARBOUGH.

[No. 11,282.    Filed April 7, 1922.]

1.  ACTION.—*Misjoinder of Causes.*—Where a complaint by the buyer of a quantity of corn alleged that there was a deficiency in the quantity of the corn, and that plaintiff had paid defendants in excess of the price, that the corn was not of good quality as represented, and that defendants had refused to deliver part of the corn as they had agreed to do, *held* that two causes of action were improperly joined.  p. 177.

2.  TRIAL.—*Instructions.*—*Recovery on Proof of Complaint.*—*Insufficient Complaint.*—Where a complaint fails to state facts sufficient to constitute a cause of action, it is error to instruct that plaintiff is entitled to recover upon proof of the material allegations of his complaint.  p. 177.

3.  EVIDENCE.— *Action for Money Had and Received.*— *Money Paid on Note.*—*Verbal Sales Contract.*—*Admissibility.*—Where,

due to a mistaken estimate of the quantity of corn purchased, the buyer gave his note for a sum in excess of the amount due the sellers, and later, having paid the full amount of the note to a subsequent holder, brought an action against the sellers to recover back the overpayment on the theory of money had and received, the verbal contract of sale could be offered in evidence by the buyer, the rule as to the variation of a written instrument by parol proof not applying. p. 178.

4. APPEAL.—Review.—Harmless Error.—Instructions.—Verdict. —Where the buyer purchased corn for $1 a bushel, and, because of a mistake in estimating the quantity purchased, the buyer paid $940 for approximately 549 bushels, and, in an action to recover for the overpayment and misrepresentation as to the quality of the corn, the buyer was given a verdict for $325, error, if any, in instructions as to the quality of the corn and the application of the doctrine of caveat emptor was harmless, since by the verdict defendants were allowed more than the contract price for the corn actually delivered. p. 179.

From Clinton Circuit Court; *Earl B. Stroup*, Judge.

Action by Thomas G. Harbough against James Irwin and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Thomas M. Ryan*, for appellants.
*John L. Downing* and *William Robison*, for appellee.

REMY, J.—The material averments of appellee's complaint against appellants are, in substance, as follows: That on February 2, 1918, appellants, as partners, being the owners of two pens of corn, estimated by appellants to be about 1,000 bushels, and represented by them to be good corn, entered into a verbal agreement with appellee, whereby they sold to appellee the corn at and for the price of one dollar per bushel of seventy pounds, the corn to be weighed. In the delivery of the corn to appellee's premises, each party was to haul one-half thereof. On the day the corn was purchased, as a part of the contract, appellee was to, and did, execute and deliver to appellants in payment for the corn, his promissory note for $940, due six months after date, with

interest at six per cent. Appellants failed and refused to haul one-half of the corn as agreed. The corn which was hauled by appellee, the total amount of which when weighed was found to be but 549 bushels and forty pounds, was not good corn as represented, and was worth only the sum of fifty cents per bushel, instead of one dollar per bushel as it would have been if it had been as represented; that upon receipt of the $940 note appellants sold and by indorsement transferred it to a bank, and before the commencement of this action appellee was compelled to pay the same with interest; that by reason of the shortage and defective condition of the corn, by reason of appellants' failure to haul one-half of the corn in accordance with the agreement, and by reason of the fact that appellee had been compelled to pay the amount of the note, appellants became indebted to him in the sum of $680; and appellants having failed and refused to pay the same or any part thereof, judgment therefor is demanded.

It is apparent that two causes of action are improperly joined, but there was no demurrer for misjoinder, and no motion to separate the complaint into

1. paragraphs. Appellants, being content to go to trial with the complaint as drawn, filed an answer in denial. A trial resulted in a verdict for appellee for $325.

The only error assigned is the action of the court in overruling appellants' motion for a new trial.

Instruction No. 2, given by the court on its own motion is as follows: "If the plaintiff has established all of the material allegations of his complaint

2. by a fair preponderance of the evidence given in the cause, then he is entitled to a verdict, but if he has failed you should find for the defendant."

It is earnestly contended by appellants that the com-

plaint does not state facts sufficient to constitute a cause of action, and that, therefore, proof of all the facts averred would not justify a recovery. If any fact essential to a recovery is entirely omitted from the complaint, the giving of the instruction was error. *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 119 N. E. 369, 484; *Jackson* v. *Rutledge* (1919), 188 Ind. 415, 425, 122 N. E. 579.

It is urged by appellants that the complaint does not state a cause of action, for the reason that in as much as appellee had executed and delivered to appellants the $940 note, the verbal contract of sale could not be pleaded or proved to vary the terms of such note. Appellants have misconceived the nature of the action, which in no way attacks or questions the validity of the note. Appellee's suit, in so far as he seeks to recover the amount overpaid by him on his contract for the purchase of the corn, was for money had and received. As was said by the Supreme Court in *Ashton* v. *Shepherd* (1889), 120 Ind. 69, 22 N. E. 98, an action for money had and received is equitable in its nature "and is based, not upon a promise, but upon the fact of the receipt of money by one from another through the medium of oppression, imposition, extortion or deceit, or by mistake of fact, or without consideration, or upon a consideration which has failed, from which the law implies a promise to repay." A mistake had been made in the estimate as to the amount of corn in the pens; and appellee having given his note for a sum in excess of the purchase price of the corn at one dollar per bushel, which was the price agreed upon, there was a partial failure of consideration for the note, which having been transferred to the bank, had been paid by appellee, with interest. Under these circumstances, the law implies a promise on the part of appellants to return to appellee the amount of the over-

Southern Surety Co. *v.* Columbian Ins. Co.—78 Ind. App. 179.

payment. The complaint states facts sufficient to constitute a cause of action, and the court did not err in giving the instruction. See *Harbaugh* v. *Tanner* (1904), 163 Ind. 574, 71 N. E. 145.

The evidence shows that the corn, at the time it was purchased, was in rail pens; and it is urged by appellants that through the cracks of the pens the corn

4.     could have been, and was, seen by appellee, and that since there is no allegation or proof of fraud or express warranty, the doctrine of *caveat emptor* applies, and that, therefore, the verdict is not sustained by the evidence, and that certain instructions given by the court were erroneous. It is not necessary to discuss the question thus raised, further than to say, that under the evidence as shown by the record the amount of the verdict is not in excess of the sum which would have been fixed by the members of the jury if they had given to appellants one dollar per bushel for all of the corn, and had entirely ignored the question as to the unsound condition of the corn.

It clearly appears from the record that the merits of the cause have been fairly determined.

Affirmed.