PENNVILLE BANK ET AL. *v.* GEMMILL.

[No. 13,321.   Filed April 19, 1929.]

*Eichhorn, Gordon & Edris* and *McGriff & Bechdolt,* for appellants.

*Fitzpatrick & Fitzpatrick* and *Charles F. Schwartz,* for appellee.

LOCKYEAR, J.—Suit was brought by the appellee to recover an amount of money alleged to be due and owing her by appellant Pennville State Bank on account of the sale of certain shares of stock of which she was the owner, in the sum of $700.

The appellee had been the owner of thirty-seven shares of stock of the par value of $100 each in a private or partnership bank at Pennville. She subscribed for and received only thirty shares, of the par value of $100 each in the appellant the Pennville State Bank which was incorporated to and did take over the business and assets of the private bank and issued its stock therefor. She alleges in each paragraph of her complaint that the said Pennville State Bank thereafter sold the seven remaining shares and received and retained the money therefor.

Two paragraphs of complaint were filed by appellee, to each of which a demurrer for the want of facts was addressed by each appellant. These demurrers were overruled. Each appellant filed his answer of general denial to each paragraph of the complaint, and also two affirmative answers. The appellee replied in general denial to the affirmative answers.

The issues formed were submitted to the court for trial without the intervention of a jury. At the request of the parties, the court made a special finding of facts. Conclusions of law were stated thereon in favor of the appellee, awarding her a recovery in the sum of $812 and her costs.

The appellants unsuccessfully moved for a new trial, and judgment was rendered on the conclusions of law that the plaintiff (appellee) do have and recover of and from the defendant the Pennville State Bank, Incorporated, the sum of $812, with interest thereon at six per cent from February 28, 1921, and her costs, and that appellant the Pennville State Bank as liquidating agent for the Pennville Bank, unincorporated, pay said

sum out of the assets of said Pennville State Bank.

The errors relied upon by the appellants for reversal are: The court erred in overruling the appellant's demurrer to the first and second paragraphs of complaint. The court erred in its conclusions of law Nos. 1, 2 and 3. The court erred in overruling appellant's motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and that the decision of the court is contrary to law.

The court's special findings of facts were, in substance: That some time prior to the beginning of the year 1916, there was organized under the laws of the State of Indiana, the Pennville Bank, as an unincorporated private bank, located at Pennville, Jay county, Indiana, which said private bank thereupon commenced business at said place, with an authorized capital stock of $25,000 divided into 250 shares of the par value of $100 each.

That on February 28, 1921, the defendant the Pennville State Bank was organized and duly incorporated as an incorporated bank under and by virtue of the laws of the State of Indiana, with an authorized capital stock of $25,000, divided into 250 shares of the par value of $100 per share, with A. G. Lupton, president, and John S. Emmons, cashier, to take over all the assets, property, good will and business of said Pennville Bank, the private bank aforesaid, and the stockholders of said Pennville State Bank, including said persons named herein as officers, and the plaintiff, filed their petition in the circuit court of Jay county, Indiana, praying for an order of said court, authorizing said Pennville State Bank, Incorporated, one of the defendants herein, to take over all of the assets, business and good will of said Pennville Bank, a private bank, and, on February 25, 1921, said circuit court, being advised in the premises, duly made and entered its order and judgment authorizing and directing said Pennville State Bank, Incorporated, to

take over all of the assets, business and good will of said Pennville Bank, and ordered that, as a part of said transaction, said Pennville State Bank, Incorporated, should assume all of the liabilities of said private bank, which said order and judgment so made and entered was never appealed from, and, ever since the same was so entered, has been and now is in full force and effect.

That thereafter, on February 28, 1921, said defendant the Pennville State Bank, Incorporated, did take over and appropriate to its own use, all of the property, assets, business and good will of said private bank, and agreed with the owners of shares of the capital stock of said private bank that it would issue shares of the capital stock of said incorporated bank, share for share, and pay to said holders of said shares in said private bank a cash dividend of twelve per cent on the par value of the shares so held by them, except that the plaintiff was informed that said defendant the Pennville State Bank, Incorporated, would issue to the plaintiff but thirty shares of the capital stock, and would sell to other persons seven shares of the said capital stock of said incorporated bank, which otherwise would have been issued to the plaintiff. That, on February 28, 1921, said defendant the Pennville State Bank, Incorporated, did issue and thereafter deliver to the plaintiff its certificate No. 4, certifying that Elizabeth L. Gemmill, the plaintiff herein, was the owner of thirty shares of its capital stock, and, on the —— day of April, 1921, paid to the appellee herein the sum of $444 as said twelve per cent dividend on said thirty-seven shares of the capital stock of said private bank, so owned and held by her, and that no other or different payment has ever been made to the appellee nor to any person, firm or corporation authorized by her to receive the same.

That thereafter, on or about February 28, 1921, the defendant the Pennville State Bank, Incorporated, sold

to persons other than the appellee said seven shares, due to and owned by the appellee and received by said defendant from said appellee, at and for the sum of $116 per share, and received therefor the sum of $812, and has neglected and refused to account to the appellee for the said sum or any part thereof. That the defendant the Pennville State Bank on or about February 28, 1921, issued all of its authorized capital stock, and that it at no time since has had any unissued capital stock. That, on or about February 28, 1921, and at divers times thereafter prior to December 29, 1926, the plaintiff did demand of the defendant the Pennville State Bank, Incorporated, payment of the balance due her from said defendant on account of the sale to other persons of said seven shares of its capital stock, and, thereafter and before the commencement of this action, demanded such payment of the defendant Pennville State Bank liquidating agent for said defendant the Pennville Bank, unincorporated, which said payment, the defendants, and each of them, at all times failed and refused to make or to pay to the plaintiff any part thereof.

That at none of the times in these findings mentioned was the appellee indebted to the Pennville Bank, a private bank, nor to the Pennville State Bank, liquidating agent of said defendant the Pennville Bank, and is not now indebted to either of said institutions.

And the court upon the foregoing facts then stated the following conclusions of law: (1) That there is now due and unpaid to the appellee from appellant the Pennville State Bank, Incorporated, the sum of $812, together with six per cent interest on said sum from February 28, 1921, and the costs in this action by her paid, laid out and expended, for which said sums, the appellee is entitled to have judgment against said appellant; (2) that said sums should be paid to the appellee

by the appellant the Pennville State Bank, as liquidating agent for said defendant the Pennville Bank, unincorporated, out of the assets of said defendant the Pennville State Bank, Incorporated; (3) that the costs of this action should be taxed against the appellants.

The court's findings of facts are fully supported by the evidence.

The appellee testified fully as to her ownership of stock in the private bank, and her testimony is sufficient to support the court's finding of facts.

There was positive and uncontradicted evidence that the new bank had the same amount of capital stock that the old bank had and that the stock was divided into the same number of shares; that the entire number of shares was issued to stockholders of the new bank in proportion to their shares in the old, except this appellee and some others did not receive as many shares in the new as they had in the old.

The number of shares not taken by old stockholders was sold to new subscribers and the proceeds of seven shares belonged to appellee.

The law is well-settled that where one has money in his hands which in equity and good conscience belongs to and ought to be paid to another, assumpsit for money had and received will lie. The action will be sustained even where no money has actually passed, but something has been received as money which has been really or presumably converted into money before suit is brought. *Muir* v. *Rand* (1850), 2 Ind. 291; *Hatten* v. *Robinson* (1838), 4 Blackf. (Ind.) 479; *Tilford* v. *Roberts* (1856), 8 Ind. 254; *Moore* v. *Shields* (1889), 121 Ind. 267, 23 N. E. 89.

The facts of this case are well within the law above stated.

Judgment affirmed.