## SIMON KOCK *v.* S. H. BLOCK ET AL.

Under the act of February 18, 1848 (S. & C. 744), all payments of usurious interest are to be taken as payments on account of the principal; and where the sureties on a negotiable promissory note, given by way of renewal for money previously loaned, have been compelled to pay such note to an indorsee, who purchased the same *bona fide* before due, they may, under the statute, recover from the payee the amount of usury exacted by him from their principal, which they have been so compelled to pay to the holder by reason of the indorsement of the note.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Cuyahoga county.

S. H. Block and E. Block sued Simon Kock, in the Court of Common Pleas of Cuyahoga county, to recover

back usurious interest which they had been compelled to pay to Henry Wick & Co., indorsees of a promissory note given to Kock. The note was given by one S. Block, who was the principal, and by S. H. Block and E. Block, who were his sureties. Kock indorsed the note before maturity, to *bona fide* indorsees, for value. The principal, S. Block, having become bankrupt, S. H. Block and E. Block, the sureties, were compelled to pay the balance due on the note to the holders.

This note was the last of a series of notes given by the same parties, by way of renewal, for a loan of money by Kock to S. Block. Usurious interest had been paid by the principal to Kock, from time to time, on the several renewals of the loan, which amounted in the aggregate to $860. The holders of the last note, Wick & Co., recovered this amount of S. H. Block and E. Block in excess of what Kock himself could have recovered had the note not been negotiated.

The court of common pleas held that the sureties, S. H. and E. Block, could not recover back the excess they had been thus compelled to pay on account of usurious interest.

The district court reversed the judgment, and the present application is made to reverse the judgment of the district court.

*John W. Heisley,* for the motion, claimed that as the defendants in error were joint makers with Block of the several notes in question, it must be intended that they, with S. Block, paid the usurious interest or were parties to it, or at least not alleging that it was paid without their knowledge, the payment must be considered, as far as they are concerned, to be a voluntary payment of the same as interest, within the rule laid down in *Williamson* v. *Cole,* 26 Ohio St. 207.

The amount sought to be recovered was not paid as a part of the principal, and if it is to be considered as paid by S. Block alone, he could not recover it back, and S. H.

and E. Block can not claim any more and can not ask it to be treated as a payment on the principal.

*Mix, Noble & White,* 'contra, on the question as to whether the sureties could maintain the action on account of usurious interest paid, cited: *Selser* v. *Brock,* 3 Ohio St. 302; *First National Bank of Columbus* v. *Garlinghouse,* 22 Ohio St. 506; *Baggs* v. *Loudenback,* 12 Ohio St. 156; *Webb* v. *Wilshire,* 19 Me. 406; *Woodworth* v. *Huntoon,* 40 Ill. 131; 6 Caldw. 375. As to whether usury previously paid becomes incorporated in a renewal note, see *Baggs* v. *Loudenback,* 12 Ohio, 153; 13 Ohio, 1, 16; 62 Penn. St. 481; 2 Allen, 551.

BY THE COURT. We think the district court were right in reversing the judgment of the court of common pleas.

The recovery is resisted on the grounds that the usurious interest was voluntarily paid as such interest by the principal debtor. Independent of the act of February 18, 1848 (1 S. & C. 744), this would constitute a defense to the action. But under that act all payments of interest in excess of the rate allowed by law at the time of making the contract, are to be deemed payments on account of the principal; and as between the original parties, no more could be recovered than the balance found due after deducting the excess of interest paid or exacted.

As the negotiation of the note by Kock subjected the sureties to the payment of the note in favor of the holders, in excess of what they would have been required to pay had he retained the note himself, we think they may, under the statute, recover back the excess they have thus been required to pay.

*Leave refused.*