WALTER G. TINSLEY, Respondent, v. JOHN W. KEMERY et al., Appellants.

### St. Louis Court of Appeals, January 30, 1900.

1. **Constitutional Question: JURY TRIAL: JURISDICTION.** In all appeals involving a construction of the State Constitution the jurisdiction of the appeal is exclusively vested in the supreme court.
2. ———: ———: ———: **STATUTORY CONSTRUCTION.** As the case at bar involves the question of construction of section 28, article 2, Constitution of 1875 of Missouri, concerning the right of trial by jury, this case is transferred to the supreme court in pursuance of the statute applicable to appeals inadvertently taken (R. S. 1889, sec. 3300).

Appeal from the Louisiana Court of Common Pleas.—*Hon. David H. Eby*, Judge.

Transferred to supreme court.

*J. W. Matson* for appellant.

(1) "In a law case the circuit judge may set aside the report of a referee altogether, but he has no power to amend it." Clark v. Phillips, 99 Mo. 550; Caruth-Byrnes Hardware Co. v. Wolter, 91 Mo. 484; Turley v. Barnes, 67 Mo. App. 237; Martin v. Hall, 26 Mo. 386. In this case the court not only amended the referee's report, but found issues not submitted to him, but raised by the answer, and

that were requested by the defendants to be submitted to the jury.

Ball & Sparrow for respondent.

(1) The cause was properly referred. Smith v. Haley, 41 Mo. App. 611; Tobacco Co. v. Walker, 123 Mo. 962; Bank v. Owen, 101 Mo. 558. (2) The findings of the referee, in such a case as this, are only advisory, and new findings may be made by the court upon the evidence. Bond v. Finley, 74 Mo. App. 22; Bender v. Matney, 122 Mo. 255. (3) An appellate court can not properly review findings of facts where part of the evidence submitted to the trial court is omitted from the appellate record, as is in this case; and in the absence of an affirmative showing of error the action of the trial court is presumed to be correct. Tobacco Co. v. Walker, 123 Mo. 662.

BOND, J.—This suit is upon a bond given to secure the performance of a contract to construct a building. The petition alleges a breach, in that plaintiff was compelled to pay $343.71 in excess of the sum specified in the building contract. It also alleges that the contractor agreed that this overpayment was "due and owing to plaintiff," and prays judgment therefor against him and the other obligors in the bond. By the terms of the building contract the plaintiff agreed to pay $2,218 for the necessary material and labor to be furnished by the contractor for the erection of a dwelling house. The contract also provided that alterations proposed by the owner of the building and superintendent during the progress of the work, should bind the contractor and "go into effect without any violation or vitiating the contract," the value of such alterations, however, to be agreed upon in writing "between the said parties before

going into execution." The sureties in their separate answer admitted the execution of the bond, averred that it was without consideration; that plaintiff departed from the plans and specifications agreed upon by him and the contractor without their consent, and set up other defenses. The contractor also answered separately, averring that the bond was executed subsequently to the building contract, and set up a counterclaim for $366.70 for extra work, the items of which were set forth in an account filed. The plaintiff replied that all changes or alterations in the plans and specifications during the construction of the building were made and agreed upon in writing by plaintiff and the contractor as provided in the building contract, and denied all the other allegations in the two answers. The court, over the objection of the defendants, appointed a referee to take and state an account between plaintiff and the contractor, so as to show the items and the aggregate thereof paid by plaintiff, and also what items, if any, of such account were not contracted in pursuance of the building agreement. The referee reported that plaintiff had paid to the contractor, or upon his order, a large account of items, aggregating $2,759.50, and that this sum included items expended for alterations aggregating $197.79. The record shows that the court elected to call a jury as to the issue, whether the bond sued upon was signed at the time the building contract was signed; that it overruled defendant's exceptions to the report of the referee; denied their requests to submit all the issues in the cause to a jury; directed a verdict on the single issue for plaintiff, and adjudged, upon a consideration of the report of the referee and the evidence in support, that all the extras charged and their price, were agreed upon in writing between plaintiff and the contractor. It further approved and confirmed the report of the referee, except as to three items amounting to $15.41, and gave judgment for plaintiff against defendants for $359.12, from which they appealed to this court.

The vital question presented by this appeal is whether the court erred in refusing at every stage of the trial the demand of the defendants for the submission of the issues to a jury, and in overruling their exceptions to the appointment of a referee, and against the objection of the defendants, taking the case as submitted to it, and making its own finding and rendering judgment accordingly. In a case involving this exact point the supreme court has held that jurisdiction of the appeal is vested in it under the exclusive right given to that court to decide all appeals involving a construction of the state constitution. It further held that a question of constitutional construction was properly raised in a case, wherein objections similar to the one at bar were interposed, by reason of the fact that the constitution guarantees the right of trial by jury as theretofore enjoyed. Const. of 1875, sec, 28, art. 2; Ice Company v. Tamm, 138 Mo. 385. Under the doctrine of this case the one at bar must be transferred to the supreme court, in pursuance of the statute applicable to appeals inadvertently taken. R. S. 1889, sec. 3300; State ex rel. v. K. C. Ct. of Appeals, 105 Mo. 299. This cause is accordingly transferred to the supreme court. All concur.