## TINSLEY v. KEMERY et al., Appellants.

Division One, November 26, 1902.

1. **Appointment of Referee:** WHEN EXCEPTION MUST BE TAKEN. Exceptions to the appointment of a referee must be taken at the term at which the cause is referred and a bill of exceptions must be filed at that term, and that bill incorporated in the final bill submitted after judgment, if the appellant desires the order appointing the referee reviewed on appeal.

2. **Special Reference:** TRIAL BY JURY AS TO OTHER ISSUES. Where a law case is specially referred, as for instance to state an account, as to the issues not so referred either party is entitled to a trial by a jury if he demands it. The fact that a portion of the

issues have been found by the referee does not confer power upon the court to try the remaining issues, without a jury, over the objection of either party. If the case is referred only in part and is an action at law, either party is entitled to a trial by jury as to such issues as have not been referred.

3. **Suit on Contractor's Bond:** ACTION AT LAW. A suit on a contractor's bond for money overpaid to the contractor for building a house at a stipulated sum, and a counterclaim and a defense that changes and alterations were made in the plans and work without the written consent of the contractor which was never obtained, and that the extra work not called for by the contract was done, is an action at law.

4. ————: CONSTITUTIONALITY. The statute regarding references in law cases is not in violation of the Constitution guaranteeing trial by jury in law cases "as heretofore enjoyed," for that guarantee means a jury trial as it existed at the time of the adoption of the Constitution.

## Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED (*with directions*).

*J. W. Matson* for appellants.

(1) The second defense set up by the answer was the only one submitted by the court, and the court excluded proper testimony tending to prove that issue, and committed error in giving demurrer to the evidence. Ring, Exr., v. Kelly, 10 Mo. App. 411; Peck v. Harris, 57 Mo. App. 467; Bldg. Assn. v. Kleinhoffer, 40 Mo. App. 388. (2) Under the testimony the court should have submitted the issue to the jury and the giving of the peremptory instruction was error. (3) The seventh defense of said answer should have been submitted to the jury. The bond was signed by Bowman and Rupert "except upon the condition" that the contract should be considered changed in so far as it provided for Baird acting as superintendent, and if this agreement was not kept they were released. Shelton v. Durham, 76 Mo. 437; Lancaster v. Elliot, 55 Mo. App. 254; Warden v. Ryan, 37 Mo. App. 466. (4) "In a law case the circuit judge may set aside the report of a

referee altogether, but he has no power to amend it." Clark v. Phillips, 99 Mo. 550; Hardware Co. v. Wolter, 91 Mo. 484; Turley v. Barnes, 67 Mo. App. 237; Martin v. Hall, 26 Mo. 386. In this case the court not only amended the referee's report, but found issues not submitted to him, raised by the answer, and that were requested by the defendants to be submitted to the jury.

*Ball & Sparrow* for respondent.

MARSHALL, J.—This is a suit upon a contractor's bond, in which plaintiff seeks to recover a judgment for $343.71, against the contractor and the sureties on the bond, and the contractor counterclaims for $366.70 extras. The plaintiff had judgment in the circuit court for $359.12, and the defendants appealed to the St. Louis Court of Appeals. That court transferred the case to this court on the ground that appellate jurisdiction is vested in this court, because the trial court had denied the defendants a trial by jury as guaranteed by section 28, article 2, Constitution of Missouri of 1875. [Tinsley v. Kemery, 83 Mo. App. 94.] That ruling was based upon the rule laid down in Ice Co. v. Tamm, 138 Mo. 385.

The petition is bottomed upon an account stated, between the plaintff and the contractor, growing out of a contract made by Kemery to build a house for the plaintiff, under which the plaintiff had paid $343.71 in excess of the contract price. An itemized statement was filed with the amended petition setting out the contract price, and the extras, and also all the payments made by the plaintiff, and showing the balance claimed. The contractor and sureties answered separately. The answer of the contractor is a general denial, special defenses, and a counterclaim for $366.70, with a bill of items for extras amounting to that sum. The first special defense is that the bond sued on was not executed until long after the work had been begun, and that the bond was without consideration. The second special defense is substantially the same as the first. The third

special defense is that the payments made by the plaintiff were not made to the defendant in person, nor were they made at the time agreed therefor by the contract. (The fact was that the payments were *prematurely* made, but no damage is shown to have resulted to the defendant for this rather extraordinary proceeding.) The fourth special defense is that there were changes made in the plans and specifications and in the contract secured by the bond. Then follows the counterclaim and the bill of items upon which it is based.

The answer of the sureties is a general denial, with seven special defenses, to-wit: first, that there is no consideration for the bond and that it was executed long after the contract it secures was made and the work begun thereunder; second, that the contract was changed and the work done differently from that contemplated by the plans and specifications, without the consent of the sureties; third, that the plaintiff paid the contractor before the part payments were due by the terms of the contract; fourth, that the plaintiff did not insure the building as required by the contract; fifth, that by the terms of the contract the owner reserved a right to make alterations, additions or omissions in the work, which the contractor was obliged to carry out without its affecting the contract, but that the value of such alterations should be agreed upon in writing between the owner and the contractor before they should be made, and that alterations were made but no such written agreement as to the value thereof was so made; sixth, that it was agreed between the sureties and the plaintiff that one Baird should not be employed as architect or superintendent or have anything to do with the work or contract and that the plaintiff violated the agreement and permitted Baird to act as superintendent. The reply sets up that the contract provided that changes might be made in the work contemplated by the contract, and extra work done, as the parties might agree upon in writing and that no changes were made or extra work done except such as the parties agreed upon in writing.

The record shows that these answers were filed at

the November term, 1897, of the Louisiana Court of Common Pleas, and further shows: "Whereupon the court of its own motion appoints W. H. Morrow, referee, over the objection of defendants J. D. Bowman and Mary E. Rupert" (the surety and administratrix of the deceased surety). The record further shows that at the adjourned November term, 1897, to-wit, on December 13th, 1897, the defendants moved the court to set aside the order of reference, assigning as grounds for the motion: "First, there is no such account between said parties as to justify the appointment of a referee; second, these defendants objected to said appointment at the time it was made, and the referee has not qualified as such at this time." On December 14th, 1897, the court sustained the said motion, and modified the order of reference "so that the referee shall only be required to find and state an account between plaintiff W. G. Tinsley, and defendant J. W. Kemery, and if any of the items in account between plaintiff and J. W. Kemery were not contracted under the original contract, the referee must show the facts. Whereupon defendants J. D. Bowman and Mary E. Rupert, by John W. Matson, their attorney, except to this entry for the reasons stated in the motion. Defendant Kemery excepts to the orders of the court for the reason that it is not a case for reference."

The record then shows that on May 21, 1898, the referee filed his report stating in full the account between the owner and contractor. The report of the referee shows that the contract price for the building, as called for by the plans and specifications, was $2,218, and that the plaintiff paid the contractor $2,759.50, and that the contractor also did work and furnished materials, "not contracted for under the original contract," consisting of twenty-eight items, aggregating $197.79.

On May 26, 1898, during the regular May term, 1898, the defendants filed their exceptions to the report of the referee, asserting, *inter alia,* that the court "had no authority under the pleadings in this cause to refer any part of said cause to said referee."

Afterwards at the November term, 1898, to-wit, on November 17, 1898, the court "elected to submit to the jury the issue as to whether the bond had been signed at the time of the signing of the contract," the parties announcing themselves ready for trial, and a jury was impaneled. The court excluded all questions except whether the bond was executed with the building contract or in pursuance of it, and the defendants excepted to the ruling. Thereupon the defendants' attorney said to the court: "Under the ruling of the court I presume we have the opening and closing." The court replied: "Yes, the burden is upon you." Thereupon the trial proceeded, and at the close of the defendants' showing, the court directed a verdict for the plaintiff.

On the next day, November 18, 1898, at the November term, the defendants moved the court, "To strike out so much of its findings as is in anyway different from the report of the referee, and objects to the court determining any of the issues in the case, and requests that all issues not submitted to the referee be submitted to a jury, and that all issues and findings not submitted to said referee be submitted to a jury, and these defendants ask and request a jury trial of all said issues, and refuse to waive their right in said respect." On the same day the court overruled the said motion, and after modifying the referee's report by striking out three items aggregating $15.41, complained of by the defendants, and held by the court to be entirely disconnected with the contract, the court found that all extras were agreed upon by the parties, as also the value thereof, and entered judgment for the plaintiff for $359.12. On the same day the defendants filed a motion for new trial, alleging the usual grounds, and winding up with the ground that the court erred "in placing the burden of proof upon the defendants, and erred in refusing to permit defendants to submit to the jury the issues raised by their answer, and erred in refusing to permit defendants to introduce evidence in support of said issues, and erred in only submitting to the jury one issue raised by defendants' answer, erred in finding any

issue of its own motion and in refusing to submit issues found by the court to the jury.'' The court overruled the motion and the defendants appealed to the St. Louis Court of Appeals, being granted until February 1, 1899, to file a bill of exceptions, which time was afterwards extended until May 15, 1899, and the bill of exceptions was filed at that time.

## I.

The propriety of the order of reference is not open to review. The case was referred on December 14, 1897, during the November term of the court. So far as is disclosed by what purports to be a full transcript, the defendants filed no bill of exceptions during the November term, 1897, preserving any exception to this ruling of the court. The final bill of exceptions filed May 15, 1899, upon an extension of time after the November term, 1898, when the judgment was entered, recites that the defendants excepted to that ruling, but such a recital in the final bill of exceptions, filed about a year after the ruling complained of was made, is of no avail. The defendants should have preserved the point by filing a bill of exceptions during the term at which the ruling was made, and then have embodied the term bill of exceptions in the final bill of exceptions. Failing so to do the exception was not properly preserved, and, hence, the ruling is not open to review. [Smith v. Baer, 166 Mo. l. c. 401, and cases cited.]

## II.

The serious question in the case is the action of the court in submitting to the jury only one issue and in finding the other issues itself. These matters are properly preserved because the bill of exceptions relating thereto was filed within proper time.

After the coming in of the referee's report stating the account between the owner and contractor, the record recites that the court ''elected to submit to the jury

the issue as to whether the bond had been signed at the time of the signing of the contract,'' and refused to submit any other issue to the jury. The defendants then and by special motion filed the next day denied the authority of the court to so rule and demanded that all the issues, except those submitted to the referee, be tried by a jury. The court still adhered to its ruling, and the defendants made the point and demand again in the motion for a new trial, and insist upon it here.

It will be observed the order of reference was not general, but limited the referee to stating an account between the parties, and required him to find separately the items which were not covered by the contract, which the referee strictly adhered to. The case then stood upon the docket with other issues joined, some of which if found for the defendants would excuse the sureties at any rate. Of these issues the court submitted one to a jury and found one itself. That is, it submitted to the jury the issue as to whether the bond had been signed ''at the time of signing of the contract,'' and it decided itself the issue as to whether the parties to the contract had agreed in writing as to the changes in the work and the value thereof. The other issues were not found by either the court or jury.

This is an action at law, and while in proper cases it is within the power of the trial court to refer the whole case or only certain issues in a case, as to state an account, to a referee, nevertheless as to the issues not so referred either party is entitled to a trial by jury if he demands it. The fact that a portion of the issues have been found by a referee, does not confer power upon the court to try the remaining issues, without a jury, over the objection of either party to the suit. The trial court treated this case as one in equity and ''elected'' to take the advice of a jury as to one question of fact. But the court overlooked the fact that the case is not one in equity but is an action at law upon a contractor's bond. Section 28 of article 2, Constitution of Missouri 1875, provides that: ''The right of trial by jury, as heretofore enjoyed, shall remain inviolate.'' This court

has held the statute in regard to references to be constitutional. [Shepard v. Bank, 15 Mo. 144; Edwardson v. Garnhart, 56 Mo. 81; Ice Co. v. Tamm, 138 Mo. 385.] This ruling was based upon the proposition that references were permitted at the time the Constitution was adopted, and the constitutional guarantee as to trial by jury had reference to a jury trial as it existed at the time of the adoption of the Constitution. [State v. Bockstruck, 136 Mo. l. c. 358; Ice Co. v. Tamm, supra.]

It is therefore competent for a court, in a proper case, to refer a case generally or only specially. If it is only referred in part, and is an action at law, either party is entitled to a trial by jury as to such issues as have not been referred. This right was denied to these defendants in this case, and, therefore, the judgment of the trial court must be reversed and the cause remanded to that court, with directions to accord to the defendants a trial by jury, as to all the issues joined, except such as were referred to and reported by the referee. All concur.