JOHN H. CULVER, Defendant in Error, *vs.* JAMES E. OSBORNE, Plaintiff in Error.

*Opinion filed December 17, 1907.*

1. USURY—*when the rule does not apply that usurious interest which has been paid cannot be recovered.* The rule that usurious interest which has been paid cannot be recovered does not apply where the note containing the usury was assigned before maturity to an innocent purchaser, thereby cutting off the defense of usury and compelling the maker to pay the note to the assignee.

2. SAME—*when usurious interest may be recovered in equity.* Where a note given upon usurious consideration is assigned before maturity to an innocent purchaser, who had no notice of the usury, and by him collected from the maker, the payment by the maker is regarded as compulsory and not voluntary, and equity will require the original payee to pay to the maker the usurious interest included in the note.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. JAMES W. CRAIG, Judge, presiding.

On September 19, 1900, John H. Culver, defendant in error, filed his bill in the circuit court of Macon county against James E. Osborne, plaintiff in error, to obtain a

decree for the amount paid by Culver to satisfy a judgment recovered against him in the circuit court of said county by Martin L. Osborne on a note alleged to have been given by Culver to James E. Osborne for usurious interest accumulations, and by James E. assigned to Martin L. for value before maturity.

The bill alleges, in substance, that on January 13, 1892, complainant borrowed from defendant the sum of $300, giving him a note in exchange therefor, due seven days after date, for the sum of $304.50, with interest thereon at seven per cent; that various payments were made on said loan from time to time, and the loan was frequently renewed by the surrender of the existing note and the giving of another in lieu thereof for the amount unpaid, including usurious interest, until May 23, 1896, when complainant gave to defendant a note for $882, due one year after date, with interest thereon at seven per cent per annum; that said note last mentioned was assigned, without recourse, by defendant to Martin L. Osborne on July 15, 1896, and that he thereby became a purchaser for value, without notice, before maturity, and that by reason of such transfer complainant was deprived of his defense of usury and has been compelled to pay to said Martin L. Osborne the sum of $1173.14, the full face value of said note, including the costs of suit; that the entire amount so paid to Martin L. Osborne was, as between complainant and defendant, usury, and the bill prays that the defendant be required to pay that amount to complainant.

To the bill defendant filed an answer denying the allegations thereof. A replication was filed and the cause referred to James J. Finn, master in chancery, to take the proof and report his findings. The testimony was taken by him but before making his report his term of office expired, and he then reported the evidence to the court without his conclusions or findings. The cause was then referred to W. H. Black, successor to the former master, who made a

report finding that the original loan of $300, together with interest at the rate fixed by statute, had been paid in full by the complainant, and that the last payment on said loan had been made by the complainant to defendant on or about May 24, 1895; that on May 23, 1896, complainant gave to defendant a note for $882, due one year after date, with interest at seven per cent per annum from date, signed by complainant and payable to defendant; that this note included accumulations of usurious interest only, and was assigned before maturity by defendant to Martin L. Osborne, his brother, who became a *bona fide* purchaser for value, without notice of any defense; that said Martin L. Osborne brought suit on said note and obtained a judgment against complainant for the sum of $1141.11 and costs, amounting in all to $1173.14, which has been paid by the complainant; that the equities are with complainant and that he is entitled to recover from defendant the sum of $1173.14.

Complainant offered evidence which tended to show that the original amount of the loan was $300, and that by the contract between himself and defendant he was to pay $1.50 per week as interest on each $100 loaned, and that the $4.50 included in the first note was for the first week's interest; that the indebtedness ran along, new notes being given, including accrued usurious interest, and payments made from time to time, until more money had been paid than would satisfy the original loan with interest at the statutory rate, and that the new note assigned to Martin L. was less in amount than the total of the usurious interest with which complainant had been charged up to that time. Defendant offered testimony tending to prove that the note assigned to his brother was for money loaned and interest at seven per cent per annum, and that it contained no usury.

The objections to the master's report, after being over-ruled, were re-filed as exceptions in the circuit court. Upon a hearing the exceptions were overruled and a decree

was entered by the court in accordance with the recommendations of the master. From that decree plaintiff in error prayed an appeal to the Appellate Court for the Third District. The decree of the circuit court was there affirmed, and James E. brings the record to this court by a writ of error.

DICKINSON & LEE, and REDMON & HOGAN, for plaintiff in error.

C. E. SCHROLL, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The master found that there was usury in the contract, and that the principal of the promissory note, assigned by plaintiff in error to his brother, was not greater than the usurious accumulations of the interest with which defendant in error had been charged up to the time that note was given. It is here insisted that this finding is clearly against the evidence. We have examined the proof taken as the same is set out in the abstract and are entirely satisfied with the finding of the master upon this question.

It is next contended that where usurious interest has been paid it cannot be recovered. This is not the rule where, as in this case, the promissory note containing the usury has been assigned, before maturity, to an innocent purchaser and the defense of usury thereby cut off, and where the maker has been compelled to pay the note to the assignee.

In *Woodworth* v. *Huntoon*, 40 Ill. 131, it was held that where a promissory note is given upon usurious consideration and passes into the hands of a *bona fide* purchaser without notice of the defense and is by him collected, the payment by the maker to the assignee will be regarded as compulsory and not voluntary, and equity will require the

original payee to pay to the maker the usurious interest included in the note.

In the case of *House* v. *Davis,* 60 Ill. 367, promissory notes containing usury had been assigned before maturity and by the assignee reduced to judgment against the maker, who then filed a bill against the original payee and the assignee, charging that the assignee had notice of the usury at the time the notes were transferred to him, and seeking an injunction to prevent the collection of the usury. In the circuit court it was held that the proof did not sustain the charge that the assignee had notice of the usury when he acquired the notes, and for that reason the bill was dismissed as to him, and thereafter that court rendered a decree requiring that the original payee of the notes bring into court the amount of the usury and that the maker of the notes bring into court the balance of the judgment, by a day named, for the purpose of satisfying the debt to the assignee. The original payee appealed to this court, where the decree of the lower court was reversed for the reason that the case made by the evidence was not that stated by the bill, and for the further reason that the court required the payment of money for the satisfaction of the judgment of the assignee after the latter had been dismissed and when no control could be exercised over him by the court. It was said, however, that the bill should be amended to correspond with the facts, when the maker of the notes should be permitted to bring the amount of the judgment, and interest thereon, into court for the benefit of the assignee, and then he (the maker) would be entitled to recover the usury from the payee.

It follows that the judgment of the Appellate Court is correct, and it will accordingly be affirmed.

*Judgment affirmed.*