C. L. SNYDER, Respondent, v. L. F. and L. A. CRUTCHER, Appellants.

St. Louis Court of Appeals. Submitted January 18, 1909. Opinion filed February 23, 1909.

1. **PRACTICE: Reference: Usury.** In an action to recover usury paid by the plaintiff to the defendants, where it was claimed by the plaintiff that a note was given to one defendant in renewal of a note given to the other defendant so as to conceal the usurious nature of the transaction, and the evidence showed numerous payments upon the notes, this did not constitute "a long account" within the meaning of the statute so as to justify a reference.

2. **JUSTICES OF THE PEACE: Equity.** In an action begun before a justice of the peace for usurious sums paid by plaintiff to defendant on a note, the circuit court, on a trial *de novo*, could not order a cancellation of the note given by plaintiff to defendant, because the justice of the peace was without equity jurisdiction.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville*, Judge.

REVERSED AND REMANDED.

*Hamlin & Seawell* for appellants.

(1) The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon the appeal. R. S. 1899, sec. 4077; Evans v. Railroad, 67 Mo. App. 255. (2) The issues involved could have been determined by a jury. "Where

the whole case could have been tried by a jury in a short time, without any unnecessary delay or complication, the action of the trial court in appointing a referee, without the consent of one of the parties, will be reversed." Ice Company v. Tamm, 138 Mo. 385; Ittner v. St. Louis Exposition, 97 Mo. 561; Dooley v. Baker, 2 Mo. App. 325. There was no issue of fact which required the examination of a long account within the meaning of section 698, Revised Statutes 1899, and the Legislature did not intend to take away the right of a jury trial except in cases where "a long account" is involved. Dooley v. Baker, 2 Mo. App. 325; Father Mathew v. Fitzwilliam, 12 Mo. App. 447. The action sounds in tort, and is not referable under the statute. Van Renssellaer v. Jewett, 6 Hill 373; Camp v. Ingersoll, 86 N. Y. 433.

*E. C. McAfee* for respondent.

The statute provides [sec. 714] that "Exceptions to the referee's report shall be filed within four days in term, and shall be argued without delay." Respondent contends that this section, like that requiring a motion for a new trial to be filed in four days is mandatory. The two sections are alike. If one is mandatory, the other is. The reason for the law applies alike to both sections, and that is to prevent unnecessary delay after judgment. No other reason for either section can be conceived. The circuit court had no power to extend the time prescribed by statute in either case, but if such indulgences can be granted in one, it can likewise be granted in the other. But it is held that such court has no power to extend the time for filing motion for a new trial. State v. Brooks, 92 Mo. 591; State v. Gillette, 121 Mo. 447, and a long line of authorities. Hence it could not extend time for filing exceptions to referee's report. Reinecke v. Jod, 56 Mo. 386; Griffith v. Hanks, 91 Mo. 109, last paragraph; Maloney v. Railroad, 122 Mo. 106.

STATEMENT.—This action was originally commenced before a justice of the peace in Greene county. The statement filed with the justice set out, in substance, that plaintiff borrowing from the defendant L. F. Crutcher various sums of money, evidenced by various notes, had been charged and had paid by way of interest various amounts, which he claimed were usurious and that plaintiff had given to the other defendant, L. A. Crutcher, a note for substantially the same debt, the exchange or substitution of one note for the other being made, as it is alleged, by L. F. Crutcher, who was the father of L. A. Crutcher, to avoid the statute against usury, adopted in 1905, and that the note last referred to was without consideration other than that attached to the note given to L. F. Crutcher; that L. F. Crutcher was the real owner and holder thereof and that plaintiff had made all payments on the notes to L. F. Crutcher. Plaintiff demanded judgment against the defendant L. F. Crutcher for the amount paid him over and above lawful interest, which plaintiff avers was $66.35, and plaintiff demanded that if L. F. Crutcher has the note that he produce the same in court before the justice for cancellation, or if the defendant L. A. Crutcher, has the note, then that he be ordered to produce it before the justice, and that the justice order that the same be cancelled. There is the further demand that $50 be taxed as costs in this suit as a reasonable attorney's fees in favor of the plaintiff against both defendants.

It appears that at the trial before the justice, the defendants answered as follows: "Come now the defendants and say they do not owe the plaintiff any sum whatever. But for counterclaim against the plaintiff says he is indebted to L. F. Crutcher in the sum of $38.50 with 8 per cent interest from January 9, 1905, as shown by his promissory note of said date, for which amount he prays judgment."

The justice appears to have rendered a judgment in favor of plaintiff for the sum of $66.75 as debt and $50 as attorney's fee and costs of suit. It does not clearly appear whether the judgment for the debt was against one or both of the defendants. An appeal was duly prosecuted by the defendants to the Greene Circuit Court, where, on February —, 1907, plaintiff filed an amended petition, in which he took up this matter of the $38.50 note, set up by L. F. Crutcher as a counterclaim before the justice, and averred that it was given for $35 actually borrowed and that it had been surrendered and merged into a note for $82.50, this latter note representing the $35 which it was claimed had been borrowed and for which the $38.50 note had been given and also interest in advance added, as well as for $40 additional money then borrowed, and that the note for $38.50 had been cancelled and paid by the giving of this note but that the plaintiff forgot to take up the $38.50 note. The remainder of this amended statement is practically the same as that filed with the justice, it being claimed, however, that the overpayment was $63.20, for which he prayed judgment, the plaintiff again stating that all his transactions were with L. F. Crutcher although the name of L. A. Crutcher was used; and it is then averred, in effect, as before, that one or other of the defendants have the $82.50 note and plaintiff prayed the court to require either or both of them to produce the note for cancellation, and $50 attorney's fee is demanded under the statute, Acts 1905, p. 172. On February 11th the defendants moved to strike out this amended petition because it changed the cause of action and set up different causes than that before the justice, which motion was overruled and defendants, on the twenty-first of February, 1907, filed an answer to the amended petition in which answer they deny owing any sum whatever to plaintiff, while L. F. Crutcher sets up, as a counterclaim in his favor, the $38.50 note above referred to, and the defendant L. A. Crutcher, sets up

a counterclaim on a note for $20, which he claims was given to him by plaintiff on the first of September, 1905. Plaintiff thereupon, on May 13, 1907, filed a second amended petition in which he takes up the matter of the $38.50 note and avers that he had only borrowed $35 on it and also takes up the execution of the $82.50 note substantially as stated before, and then takes up the matter of the $20 note, which he avers was for money borrowed of L. F. Crutcher, although the note appears to be in the name of L. A. Crutcher. This petition again pleads usury and prays judgment against the defendants for the cancellation and surrender of the notes and for an attorney's fee of $50, as in each of the other statements or petitions. On the same day, that is May 13, 1907, defendants filed their answer to this second amended petition, in which they deny that they owe plaintiff anything whatever, while L. F. Crutcher sets up the $38.50 note as a counterclaim, and L. A. Crutcher sets up the $20 note as a counterclaim. On May 14, 1907, plaintiff filed his second amended petition, which is as follows:

"Now comes the plaintiff in the above-entitled cause and for amended petition states: That on January 9, 1905, plaintiff borrowed of defendant L. F. Crutcher the sum of $35, executing therefor a blank note, specifying no amount, as was required by said defendant, and also executing to said defendant an assignment of future wages with power of attorney to collect the same for a period of three years, from the Frisco Railroad Company, plaintiff's employer. That said assignment was required of plaintiff by said defendant L. F. Crutcher to secure said loan. That said assignment and said note was executed by plaintiff as aforesaid, and mailed to defendant L. F. Crutcher at Springfield, Missouri, from Willow Springs, Mo., where plaintiff was at that time employed as yardmaster. That thereafter, without plaintiff's knowledge defendant filled in said note for the sum of $38.50, as it now appears, that the plaintiff

received the $35, in the shape of a bank draft, mailed to him by said defendant, together with a letter of transmittal, and notifying plaintiff that ten per cent interest would be due on January 21st, following. Said letter of transmittal was dated January 10, 1905.

"That on January 27, 1905, plaintiff borrowed the further sum of $40 of defendant L. F. Crutcher, and signed and delivered to him a note for $82.50, which defendant L. F. Crutcher explained as follows: For the $35 loaned January 9th, and for the $40 then furnished, and ten per cent advance interest $7.50; a total of $82.50. Plaintiff signed said note at the demand of defendant L. F. Crutcher, who produced the first note, declaring it cancelled and paid by the giving of the said second note. That although paid in this way, plaintiff forgot to take away said first note, but left it lying on defendant's table. That said note has been fraudulently retained by said plaintiff (defendant?), who, well knowing the same to be fully paid, seeks to make it a counterclaim herein.

"That plaintiff thereafter returned to Willow Springs to his employment there, and upon demand of plaintiff (defendant?) paid, through his agent to defendant L. F. Crutcher as follows: On or about February the 23rd, 1905, $8.25; on or about March 23rd, 1905, $8.25; on or about April 23rd, 1905, $8.25; on or about May 23rd, 1905, $8.25; a total of $33, which should have gone on said note as credits, and leaving actually due by plaintiff to defendant, of the $75 actually loaned the sum only of $44.

"That in August, 1905, while plaintiff was in Springfield on a visit, defendant L. F. Crutcher presented to him for his signature a new note for the sum of $82.50, but made payable to his son L. A. Crutcher. That said L. A. Crutcher was not present, and that no money passed between plaintiff and L. F. Crutcher, but that said L. F. Crutcher explained that this was an exchange of notes made necessary by the new usury law,

and that henceforth the payee would be his son L. A. Crutcher, while he, L. F. Crutcher, would merely be security. That plaintiff thereupon, and at the demand of said L. F. Crutcher, signed said new note and delivered the same to him, who returned the other $82.50 note to him, which is filed herewith. That the said last note was executed for the reasons aforesaid, and that plaintiff received no money whatever from either of the defendants at that time or since as a consideration.

"That thereupon defendant L. F. Crutcher demanded and collected of plaintiff, as interest monthly, as follows: In August, 1905, $10. That on or about September 1, 1905, plaintiff borrowed the sum of $18 from defendant L. F. Crutcher, and delivered to him a note for $20, due on demand, and bearing interest at the rate of 8 per cent per annum. That plaintiff believes the note he signed was made payable to L. A. Crutcher as it now appears, but that L. F. Crutcher produced the money, and consummated the loan, and really owns said note, as defendant L. A. Crutcher was not present at the time, and knew nothing of the transaction.

"That thereafter, defendant L. F. Crutcher demanded, exacted and collected of plaintiff as interest on his indebtedness, the following sums at the following times: In September, 1905, $13. In October, 1905, $10. In November, 1905, $12. In December, 1905, $10. In January, 1906, $10. In February, 1906, $15. And on April 3, 1906, $10.

"That the total amount received of L. F. Crutcher on all notes held by him, made payable either to himself or to L. A. Crutcher, since January 9, 1905, is $93. That prior to June 14, 1905, plaintiff paid on said debt the total sum of $33.

"That when the Statute 3808, as amended in 1905, went into effect in June, 1905, plaintiff actually owed defendant L. F. Crutcher only the sum of $44. And since that time, to-wit, on September 1, 1905, borrowed $18 more as aforesaid, making a total indebtedness since said

law became effective of $62. That since said law became effective plaintiff, in compliance with the demands and exactions of defendant L. F. Crutcher, has paid to him, as interest, the sum of $110, and the same is an excess over and above the total of said debt and legal interest of $43.36, for which excess plaintiff prays judgment against defendants, and that all notes held by either of the defendants be produced for cancellation.

"Plaintiff further prays that there be taxed as costs herein, an attorney's fee of $50 as authorized by section 3708, Revised Statutes of Missouri, as amended by act of 1905, as appears in said 1905 Session Acts at pages 172 and 173."

On June 12th defendants filed a motion to strike this amended petition from the files and to dismiss the case because the facts stated in this amended petition wholly changed the cause of action from that stated in the original petition and tried by the justice and because different and new causes of action are stated in the amended petition. This was overruled. Defendants do not appear to have filed an answer to this last petition, but the cause appears to have been tried on the issue tendered by the last petition and the answer filed May 13th to the preceding one. The case coming on for trial both parties announced ready. Plaintiff demanded a jury; one was called and sworn on *voir dire* and while the examination of the jurors was proceeding, the court announced that the cause was one which should be referred. A referee was accordingly appointed "to hear and determine all the issues of law and fact." To this both plaintiff and defendant excepted; the defendants alone, however, preserving their exceptions by term bill duly filed.

The cause was heard before the referee, both parties appearing. The referee found for plaintiff, recommending judgment against L. F. Crutcher alone for $43.36, but that $50 as attorney's fee and costs be taxed against both defendants, and that the three notes be

cancelled. Exceptions and amended exceptions were filed to the report of the referee, the court giving leave from time to time to file them, except as to the last filing of amended exceptions, which latter appear to have been filed beyond the date extended by the court. It is not deemed necessary to set out the facts connected with the filing of these exceptions. It is stated in the abstract that the court overruled the exceptions, save as to the allowance of $50 attorney's fee, which it disallowed, but in all other respects it is recited in the abstract that the court confirmed the report of the referee. As the referee found only against L. F. Crutcher as liable for the excess interest, $43.36, finding that he was owner of all the notes and had received all the payments thereon, and found against both defendants for costs and attorney's fee, and also recommended the cancellation of the notes, the judgment, as recited in the transcript on file, hardly sustains this statement. It reads, "Now on this day comes parties plaintiff and defendants in the above cause, and said cause having been submitted to George W. Goad, referee, and the said referee having filed his report, the court having examined and fully heard said report and being fully advised in the premises and being satisfied that the said report is just and correct except as to $50 allowed as attorney fee which is by the court stricken off. It is ordered, considered and decreed by the court that said report be in all things confirmed and approved except the $50 attorney fee. It is further ordered, adjudged and decreed by the court that the referee be allowed the sum of $75 for his services as such referee and it is further ordered that the stenographer be allowed the sum of $99.45 for her services in the above cause, same to be taxed as costs. And the court doth find that the amount due and owing from the defendants to the plaintiff on the notes herein sued on, to be the sum of $43.36 as debt and damages." Then comes the judgment proper: "It is therefore or-

dered, adjudged, and decreed by the court that the plaintiff C. L. Snyder have and recover of and from the defendants L. F. Crutcher and L. A. Crutcher, the sum of $43.36 as debt and damages aforesaid, assessed by the court, together with all costs in this suit laid out and expended, for which execution may issue." That is to say, apparently confirming the report, when the matter in judgment is reached, it is against both defendants for $43.36, and for costs, as above taxed, and does not order cancellation of the notes.

Motion for new trial being duly filed, overruled and exceptions saved, defendants appealed.

REYNOLDS, P. J. (after stating the facts).—We have set out the pleadings and various steps in the case perhaps with unnecessary detail. But we have done that to call attention to what we cannot but regard as the unnecessary and costly evils resulting from an ill-advised reference of a very simple case, originating before, and clearly within the jurisdiction of a justice of the peace and taken by appeal from his court to the circuit court. Here is a case of an action to recover money alleged to have been paid in violation of the laws of the State against usury and for the recovery of an attorney's fee awarded by the Statute of 1905 as an additional penalty for the exaction of usury. It is an action which under the old forms of pleading would be called an action on the case. The facts to be proved in it, as shown by the petition on which it was before the circuit court, are: From whom did plaintiff borrow the money; was a note for $38.50 given for $35 actually borrowed; was the excess in that note usurious; was that note merged in the note for $82.50; was the latter note, to the order of L. A. Crutcher, a mere substitute for the former one in favor of L. F. Crutcher; had the real owner of it, L. A. Crutcher, loaned any money to the plaintiff; how much had he loaned; what amount had plaintiff paid on the several notes; was this amount in excess of the legal

rate of interest? These were the substantive facts in
the case to be tried. They presented no feature what-
ever of "a long account" within the meaning of the stat-
ute, although there may have been payments at several
dates. These payments were the ordinary payments on
account of interest and the amount of them and the ex-
cess of them was a matter that any ordinary jury could
have readily determined. The case, originally tried be-
fore a justice of the peace, does not seem, from anything
in the record, to have been beyond his comprehension
or his ability to solve in a simple and expeditious man-
ner. Yet a case of this kind seems to have been con-
verted into a proceeding in equity, and the very learned
and accomplished referee has filed an elaborate report
embodying his findings and conclusions of law, in the
preparation of which he has evidently devoted much time
and great learning. As a matter of course, the demand,
contained in the statement filed before the justice and
repeated in the circuit court, for a cancellation and de-
livery of the notes, was something beyond the power of
the justice of the peace and beyond the power of the cir-
cuit court in an action coming to it on appeal from the
justice's court. The cancellation of instruments and an
order for their surrender is a matter peculiarly within
the jurisdiction of courts of equity. So we entirely elim-
inate that phase of the case from all consideration. This
left nothing before the justice of the peace or the circuit
court but the ascertainment of certain disputed facts.
With those crucial facts established, there was nothing
left but the application of payments, which were never
disputed, and the calculation of interest. This did not
involve the taking of a long account, within the purview
of the statute. [Ice Co. v. Tamm, 138 Mo. 385; Kenneth
Investment Co. v. Bank, 96 Mo. App. 125 l. c. 134.] On
the substantive facts in the case defendants were entitled
to a jury. They did not waive it but insisted on their
right to it all through the proceeding. Furthermore,
with this matter of the cancellation and return of the

notes eliminated, there is no cause whatever stated against the defendant L. A. Crutcher. An examination of the petition, confirmed by the testimony in the case, and a reading of the report of the referee, shows that L. F. Crutcher was the man who loaned the money, who received all the interest, with whom all the transactions were had, and who is now the real owner of the notes, and, in an action at law, as this was, L. A. Crutcher was neither a proper or necessary party. It was not alleged in any of the statements filed and there is not a particle of proof to show, that he received a dollar of the money claimed to have been unlawfully exacted or that he was' the one who made the loans. But with this case and on these facts, a large bill of costs has been run up and much time of counsel and of officers of the court consumed. Repeating that this is a case properly within the jurisdiction of a justice of the peace, whose courts are established for the speedy determination of controversies—people's courts, as they are sometimes called—courts wherein no formal pleadings are required, cases coming into the circuit court from them should be very few and should be very exceptional to justify a reference. This case is not one of them and is not within the exception.

Many objections and exceptions were taken and saved to the admission and exclusion of testimony by the referee. It is also strenuously insisted by respondent that the exceptions to the report of the referee, having been filed more than four days after filing of report by the referee, and in fact after the time allowed by the court for filing exceptions had expired, should be disregarded. The plaintiff who now urges this point neither saved exceptions by term bill to this, nor has he appealed.

Hence this point cannot be now considered. [Tinsley v. Kemery, 170 Mo. 310 l. c. 316.] Nor, in the view we take of the case, is it necessary or profitable to consider any of the other questions presented.

As much as we dislike to reverse cases on what appear to be technical rulings or on matters of mere practice, we are forced to do so in this case, for here technicality tends to substantial justice and to the preservation of a right held to be inalienable, a right of trial by jury.

The judgment of the honorable circuit court of Greene county is reversed and the cause remanded. *Nortoni, J.*, concurs; *Goode, J.*, not sitting and not participating in the decision.