[S. F. No. 13671. In Bank.—July 30, 1931.]

E. H. LIEBELT, Appellant, v. THOMAS CARNEY, Respondent.

Edison MacLeod for Appellant.

John M. Dvorin for Respondent.

PRESTON, J.—This cause is now before us on rehearing. We have carefully re-examined the cause and find ourselves unable to reach any other conclusion than that heretofore announced. We adopt a portion of our former opinion, as follows:

"Action to recover the statutory penalty provided by section 3 of the Usury Act (Stats. 1919, p. lxxxiii, Act 3757, Deering's General Laws). Defendant had judgment; plaintiff has appealed.

■ "The transaction took the form of an advancement by defendant of the sum of $1,624.31 to discharge the final payments due from plaintiff to General Motors Acceptance Corporation for the purchase of two trucks under a conditional sales contract. Defendant to secure repayment of the sum advanced took from the acceptance corporation an assignment of the conditional sales contract; procured registration of the trucks in his own name as owner; then took a bill of sale of the trucks from plaintiff; then issued to plaintiff an inflated conditional sales contract, dated December 16, 1926, naming the sum of $3,531.88, reciting, however, the fictitious payment of $1,000 on account thereof, leaving the true amount claimed by defendant from plaintiff for said advancement as $2,531.88, which was to be paid in monthly installments over a period of approximately one year. Immediately upon the execution of this additional sales contract, defendant assigned it to Commercial Securities Corporation Cons., with a written guarantee to said purchaser of all the covenants therein to be kept and performed by plaintiff. Plaintiff made all the payments due under this contract except the last one of $931.88, which fell due December 16, 1927. To take care of this payment the above described process was repeated; the $931.88 became $1,131.88; a new conditional sales contract to cover another twelve months' period was issued for this item and immediately assigned by defendant to the Merchants' Security Company.

"It must be noted that the possession of the trucks never at any time passed from the plaintiff to defendant. Title was conveyed to the latter at all times for the purpose of security. Stripping the transaction of its entanglements, it is too clear for controversy that it was but a thinly disguised loan, heavily charged with usury. (*Rosemead Co.* v. *Shipley Co.*, 207 Cal. 414 [278 Pac. 1038]; *Blodgett* v. *Rheinschild*, 56 Cal. App. 728 [206 Pac. 674]; *San Joaquin Finance Corp.* v. *Allen*, 102 Cal. App. 400 [283 Pac. 117].)

■ "But the foregoing observations do not entitle plaintiff to recover from defendant for the evidence shows that immediately upon execution of said two contracts, the assignments above noted were made. The evidence also shows without conflict that each and every payment called for under said contracts was made to one or the other of the

above mentioned corporations and not to the defendant. This fact prevents the plaintiff from recovering and such holding follows from the plain construction of the act itself, which provides that the penalties may be collected from the person 'who shall have taken or received' the payment. We cannot say that the written guarantee made by the defendant should alter this rule. There was no showing of collusion or relation of any other kind between defendant and either of the assignees.

"Appellant urges that only three cases could be found on this subject and that these cases hold that the penalty may be collected from the party who makes the contract; they are *Sanford* v. *Kane*, 133 Ill. 199 [23 Am. St. Rep. 602, 8 L. R. A. 724, 24 N. E. 414]; *Taulbee* v. *Hargis*, 173 Ky. 433 [Ann. Cas. 1918A, 762, 191 S. W. 320]; *Harbaugh* v. *Tanner*, 163 Ind. 574 [71 N. E. 145]. We have examined each of these cases and without stopping to discuss them we would say in passing that they are not parallel to any extent with the situation we have before us. Upon our own volition, however, we have found a number of cases giving to statutes and constitutions, which read almost identically with our statute, the construction here given. In *Anderson* v. *Tatro*, 44 Okl. 219 [144 Pac. 360, 361], the court construed a provision of the constitution of that state which allowed the recovery of double the amount of interest paid 'from the person, firm, or corporation taking or receiving the same' and it was there held that where payments were made to the assignee, such assignee alone must answer to the penalties and that the maker of the usurious obligation was not a proper party to the action.

"This doctrine was followed again by the Oklahoma court in the case of *First Nat. Bank* v. *Sensebaugh*, 58 Okl. 462 [160 Pac. 455], wherein the court construed section 5198 of the U. S. Revised Statutes (U. S. Comp. Stats. 1913, sec. 9759 [12 U. S. C. A., sec. 86]), the wording of this statute being similar to the Oklahoma constitutional provision above mentioned and to our own statute. It was there again held that inasmuch as the interest was paid to the assignee, the maker of the contract was not a proper party to the action. To the same effect see *Webb* v. *Galveston etc. Co.*, 32 Tex. Civ. App. 515 [75 S. W. 355], and *Western Bank & Trust Co.* v. *Ogden*, 42 Tex. Civ. App. 465 [93 S. W. 1102]."

Further search discloses additional authority to the same effect and no authority to the contrary. The rule is stated in 39 Cyc. 1038 as follows: "The proper party defendant is the person who has received the usury. It is not necessary that a third person to whom the notes executed for the usurious loan were made payable should be joined if he received no part of the usury. But when the usurious note has been transferred to a holder in due course, to whom the maker is compelled to make payment, the original payee is the proper party defendant." This authority cites in support of the text *Snyder* v. *Crutcher,* 137 Mo. App. 121 [118 S. W. 489].

The only exception found anywhere to the general rule is that in some jurisdictions the payee of a usurious negotiable note may be sued to recover the usury paid where the instrument has been transferred to an innocent purchaser for value and the maker's right to plead usury as a defense to the note has been thereby destroyed. (*Schlesinger* v. *Lehmaier,* 191 N. Y. 69 [123 Am. St. Rep. 591, 16 L. R. A. (N. S.) 626, 83 N. E. 657], *Culver* v. *Osborne,* 231 Ill. 104 [121 Am. St. Rep. 302, 83 N. E. 110], *Harbaugh* v. *Tanner, supra,* and *Kock* v. *Block,* 29 Ohio St. 565.)

Thirty-nine Cyc. 1035 notes the exception as follows: "The person who has knowingly exacted the usury is the person compelled by the law to repay it. But when a negotiable note which includes usury comes into the hands of a holder in due course, who, under the statute, may compel payment in full, the maker is generally allowed to recover the usury thus paid to the innocent indorsee from the usurer-payee." Under this text reference is found to a North Dakota statute and also to the Minnesota General Statute 1894, section 2214, which reads in part: "In any case, however, where the original holder of an usurious note sells the same to an innocent purchaser, the maker of such note, or his representatives, shall have the right to recover back from the said original holder the amount of principal and interest paid by him on said note."

In *Fredin* v. *Richards,* 61 Minn. 490 [63 N. W. 1031], construing this statute, is found a holding which casts much light upon the question before us here. In that case the decision bears out the statement in the syllabus that "where a usurious note, payable to the order of a particular party,

is transferred by the original holder without indorsement, the transferee, although he takes it for value and without notice, is not an innocent purchaser of the note; and if the maker pays it to him he cannot maintain an action, under the statute, against such original holder, to recover the amount so paid". In other words, in said case the debtor undertook to hold the original payee for usury paid the assignee of the note and the court held that inasmuch as the assignee was not an innocent purchaser the debtor could have plead usury in defense to the note and for that reason should not be allowed to sue the original payee.

It is not pretended that the contract involved in this action was a negotiable instrument. The plaintiff could at any time have set up usury in defense of an action upon said contract. He has simply sued the wrong party. He could have maintained against the assignee the cause of action provided for under said section 3.

The words "directly or indirectly" found in section 2 do not change or qualify the plain meaning of the provisions of section 3 of the act. Section 2 declares void the contract to pay interest to any extent if usury is provided for. It also provides that the nonpayment of interest shall not accelerate the maturity date of the obligation. The act, in a later section, also provides for a criminal prosecution under certain circumstances. But section 3, by its terms, limits the suit for penalties to a debtor who has paid, against the party who is entitled to receive and does actually receive the payment from him.

The judgment is affirmed.

Waste, C. J., Seawell, J., Richards, J., and Shenk, J., concurred.

Rehearing denied.